1812.
HAWK
*v.*
HARMAN.

---

EBERSOLL *against* KRUG and Wife.

IN ERROR.

*L*AIRD on behalf of the defendants in error, moved the court to award a *venire facias de novo.*

The action was brought in the Common Pleas of *Dauphin* by *Krug* and wife, who in the same declaration joined slander of the wife with slander of the husband. The cause was then arbitrated; and after an award of twenty dollars, and judgment for the plaintiffs, the defendant below brought this writ of error. The court reversed the judgment for the defect in the declaration, and upon this the present motion was made.

*Laird* argued that this case was within the rule of *Shaeffer* v. *Kintzer* (*a*), and those stated in a note to *Davies* v.

(*a*) 1 *Binn.* 537.

same cause of action to another jury, an error which took place upon a former trial being corrected. As where there has been irregularity in choosing or returning the jury,—error in rejecting competent, or admitting incompetent evidence,—error in the court's opinion upon the law arising from the evidence,—entire damages assessed upon several counts, some of which are bad,—and the like.

The act of the 21st of *March* 1806, does not extend so far as to authorise the court to permit a declaration to be withdrawn, and one for a different cause of action to be substituted. A declaration in malicious prosecution cannot be substituted for one in slander; nor can a declaration for a slander of husband and wife, be withdrawn, and one for slander of the wife, introduced; although the writ might justify either.

*Lancaster,*
*Monday,*
May 25.

A *venire facias de novo* cannot be awarded by this court, if the cause below was tried by arbitrators, and not by a jury. Nor can it be awarded, where, to enable the plaintiff to recover at all, he must state a cause of action different from that which has been already submitted to the jury. The object of a *venire de novo* is to submit the

1812.

EBERSOLL
v.
KRUG.

*Pierce* (*a*). It was the case of a defective declaration, which by leave of the court below, could be amended, or under the act of the 21st of *March* 1806, withdrawn, or supplied by another; for within the comprehensive power given to the court by that act, the Common Pleas might permit a declaration for the slander of the wife alone, or for any cause of action which could be embraced by the writ.

*Elder* and *Hopkins* contended that there were two invincible objections to the motion. 1. That the case had never been before a jury, but had been decided by arbitrators. There could be no *venire de novo*, where there never had been a *venire* at all. 2. That a *venire de novo* was never awarded, but to submit to a second jury the cause of action already submitted; and this was a motion to obtain a jury for a different cause, as the cause before submitted, however displayed upon the record, would not entitle the plaintiffs to a verdict. The motion could not succeed unless the court should be of opinion that the power of amendment went so far under the act of 1806, as to authorise the substitution of a totally different cause of action, which would make law suits endless. That act permits amendments in matter of form, not of substance. It has already been decided, that such an amendment as the plaintiffs must ask, to derive any benefit from the *venire*, cannot be granted. *Grasser* v. *Eckart* (*b*), *Shock* v. *M'Chesney*, at the *Sunbury* district, *July* 1808.

TILGHMAN C. J. The court having given their opinion in this case in favor of the plaintiff in error, a motion has been made on the part of the defendants in error for a *venire facias de novo*. Considering that there never was a trial by jury, the cause having been decided by arbitrators, it is not in the power of this court to award a *venire de novo*. Under the circumstances of the case, such an order would be an absurdity. Whether we might not send it back in some shape, to receive another hearing, it is unnecessary at present to consider, because I am of opinion, that if the cause had been tried by jury, it is not one of those cases in which

(*a*) 2 *D. & E.* 126.                    (*b*) 1 *Binn.* 575.

a *venire de novo* would be proper. The object of such a writ is to submit the *same cause* to the consideration of another jury, having corrected an error which took place with respect to the former trial; as where there has been some irregularity in choosing or returning the jury, or where there has been error in law in rejecting competent, or admitting incompetent evidence, or the jury have been misled by an erroneous opinion of the court with respect to the law arising from the evidence. And of late the same remedy has been extended to cases where entire damages have been assessed on several counts, some of which are bad, in order that the jury may have an opportunity of assessing the damages on each count severally. But here the defendant in error has no such object in view; he wishes to have another and quite different cause submitted to the jury. His idea is, that when the court below get possession of the record, they will permit him to withdraw the declaration already filed, and introduce another for any cause of action which may be covered under the form of an action on the case; that is to say, he may declare in trover, slander, libel, malicious prosecution, or upon any species of contract not under seal. A practice of this kind would produce infinite confusion, vexation, expense and delay. A single suit would be a business for life. Such could never be the intent of the act of assembly, which has been relied on, and which was only intended to correct matters of *form*, standing in the way of the *merits* of the case, but by no means to alter the cause of action. This principle has been already established in *Shock* v. *M'Chesney*, where this court, having awarded a *venire de novo* to the Circuit Court, at that time held before one of themselves, refused an amendment by which an action of slander was to have been converted to malicious prosecution. My opinion therefore is, that the motion should not be granted.

YEATES J. The court have reversed the judgment given in this action, on the ground of there having been a misjoinder of actions by uniting a count for slanderous words spoken against the husband, with other counts for slanderous words spoken against the wife.

The counsel for the defendants in error have now moved

the court to award a *venire facias de novo*, which has been opposed.

It is not contended that this motion, if successful, could be attended with any beneficial effects to the parties in whose favour it has been made, under the present state of the record; but the avowed object is, to attempt the expunging of the count for the slander of the husband, in the Court of Common Pleas of *Dauphin* county, and proceed to trial for the slander of the wife. Nor has it been contended, that this expedient would be justifiable *under any principle of the* common law, or under any of the provisions of the *English* statutes of jeofail, which have been extended by our practice. But the motion is grounded on the sixth section of the act " to regulate arbitrations and proceedings in courts of justice," passed on the 21st of *March* 1806. It is therein provided, " that no suit shall be set aside for *informality*, if " it appear that the process has issued in the name of the " commonwealth, and that the said process was duly served; " nor any plaintiff nonsuited for any *informality* in any state- " ment or declaration; but the plaintiff shall be permitted to " amend his declaration or statement, so as to reach the " merits of the cause in controversy, &c." But the object of the legislature was to give an opportunity to cure defects in form, not in substance; and I am not at liberty to suppose, that they meant to abolish the recognised appropriate method of bringing actions. The joining of the two species of complaints in one suit is a palpable incongruity: the wife cannot join her husband to recover damages for a slander published against the latter.

It has been urged, that the writ purchased here will well support the demand for the slander made against the wife, and that the husband may cease to go on for the injurious words spoken against himself. In *Shock* v. *M'Chesney*, the same observation was made in the Middle District at *Sunbury*, *July* Term 1808, but did not prevail. The plaintiff there recovered damages in slander, where the court were of opinion the proper action would have been for a malicious prosecution. His counsel moved under the act of assembly, that he might be permitted to drop the slander, and declare for the malicious prosecution, alleging that the writ would maintain such a proceeding, and that this was within the

1812.

EBERSOLL
v.
KRUG.

fair meaning of the act. But the court refused it, as the amendment would give the plaintiff a new substantive ground of action, which might be then barred by the limitation act.

The case has also been compared to *Shaeffer* v. *Kintzer*, 1 *Binney* 537., where entire damages having been assessed upon several counts in slander, one of which was bad, the court awarded a *venire facias de novo* on reversing the judgment. But it will be found upon examination, that the analogy does not hold.

In cases where no material evidence is given, except what goes in support of the actionable words, the court, to support the intent of the jury, will direct the verdict to be entered for the plaintiff on those counts only which are good. *Kennedy* v. *Lowrey*, 1 *Binney* 397.

Or the jury may sever in their damages on the different counts. They may find for the defendant on the bad count; or if they find damages thereon, the plaintiff may release them, and in either case the plaintiff would be entitled to judgment. The award of a *venire de novo* in slander, when one of the counts is vicious, would conduce to the ends of justice, and prevent delay; but from the radical defect which has crept into this proceeding, such an award could answer no other purpose than to harass the party against whom the suit was brought. A court of error will not order a new trial without just grounds; but it would be attended with this strange inconsistency in the present instance, that a *venire de novo* would be directed where no former *venire facias* had issued. The plaintiff below elected that the cause should be determined by arbitrators; and by no part of the record can it be ascertained whether the parties at this moment do not prefer that species of tribunal for deciding the controversy.

Nor are the defendants in error without remedy, in case they mean to prosecute this suit to vindicate the reputation of the wife. The second section of the limitation act of the 27th of *March* 1713, 1 *Dall. St. Laws* 97., provides, that if a judgment of the plaintiff shall be reversed for error, he may commence a new action within a year after the reversal of the judgment, to which the limitation act shall be no bar.

Upon the whole therefore, I am of opinion that the present motion should be denied.

1812.

EBERSOLL
v.
KRUG.

BRACKENRIDGE J. gave no opinion, having been unwell during the argument.

Motion denied.