WILLIAM M. TANKARD v. SALLIE A. TANKARD and others.

*Purchase—Trust—Equitable Right—Notice presumed, when.*

1. A purchaser at the sale of a debtor's land under a deed of trust, at the instance and for the benefit of the debtor and under an agreement to let him have the land back on re-paying the price, is liable to be declared a trustee for the debtor.

2. The equity of the debtor to have title on re-payment of the money extends not only to the purchaser and his heirs at law, but also to his vendee taking with notice, actual or constructive. And the possession of the debtor at the time of the sale by the purchaser to his vendee is by construction of the law, a notice to the vendee of the equitable right of the party in possession; and the notice is of such legal effect, as not to be controverted or rebutted by evidence on issue to the jury, and concludes the vendee.

3. Where such notice is apparent on the pleadings, the finding of the jury that the vendee bought *without* notice is of no legal significance, and is not in the way of rendering such decree as the other facts found and admitted, authorized.

(*Mulholland* v. *York*, 82 N. C., 510; *Edwards* v. *Thompson*, 71 N. C., 177, cited and approved.)

PETITION to rehear filed on the 5th of August, 1879, and heard at January Term, 1881, of THE SUPREME COURT.

This is a petition to rehear the decision of this court at June term, 1879, reported in 79 N. C., 54, in an action to recover the possession of land. The claim of title by the parties respectively, the issues submitted to the jury and findings thereon, and the judgment of the court from which the appeal was taken, are substantially as follows:

Both sides claim under Ransom Tankard. The plaintiff claims under Oliver H. P. Tankard, and he by deed from one Cutler as trustee to whom Ransom conveyed as security for a debt.

The defendants set up in their answer an equity to have plaintiff affected with a trust by decree of court in their

favor, upon the allegation that at the sale under the deed of trust in 1849, Oliver Tankard bought the tract of land, worth $800, at $176 on the representation of purchasing for Ransom and his family, and under an agreement with him to let him have the land back on payment of the price and interest thereon.   They further allege that Ransom paid to Oliver the sum at which he bought at trustee's sale, and lived on the land from the sale in 1849 to his death in 1872, and that his widow and heirs at law have ever since lived and now live on the same land; that when the deed was made by Oliver to plaintiff in 1869, Ransom was living on the land, and the deed was executed on voluntary consideration, or, if on valuable consideration, then with notice of Ransom's equity.

The plaintiff in his reply denies the purchase by Oliver on the alleged agreement to let Ransom redeem the same, and also, the alleged return of the money by Ransom in his lifetime; but he admits that Ransom lived on the premises at the time of the trustee's sale and thereafter to his death, and the possession of defendants since then to the present time.   The plaintiff further admits the possession by Ransom in 1869 when he bought, and avers that he bought for value and without notice of any equity existing in favor of Ransom.

Upon the matters of fact controverted in the pleadings, issues were submitted to the jury and responded to as follows:

1. Did O. P. H. Tankard purchase the land in dispute at the sale in June, 1849, by virtue of an agreement with Ransom Tankard, that said Oliver should purchase it for Ransom?   Ans. Yes.

2. Has Oliver been heretofore paid the purchase money and charges against the land as alleged in the answer, or any part thereof, and if so, how much?   Ans. No.

3. Is plaintiff a *bona fide* purchaser for value without no-

tice of any of the alleged equities set forth in the answer? Ans. Yes.

4. Did Oliver at the trustee's sale make known to prob-able bidders that he was going to buy for the benefit of his brother, Ransom, and his wife and children, and thereby suppress competition, and purchase the land at less than its value? Ans. Yes.

5. Has Ransom Tankard been in actual possession of the land from 1849, claiming it as his own? Ans. No, though held by virtue of an alleged trust in O. H. P. Tankard up to his death in 1872.

6. Have defendants been in possession since Ransom's death, claiming title in same way with the knowledge of O. H. P. Tankard? Ans. Yes.

7. Did O. H. P. Tankard purchase for the benefit of Ransom and his family under an agreement with Ransom to that effect, and did Ransom remain in possession so long as he lived, or was the possession of Ransom and his family as a gratuity on the part of said Oliver? Ans. Yes.

On the issues as found by the jury and the admissions in the pleadings, the plaintiff moved for judgment, but the court held the issues to be so confused and the findings contradictory, that no judgment could be pronounced, and ordered a reformation of the issues and a new trial to be had, and from this judgment the appeal was taken.

*Messrs. Jas. E. Shepherd* and *Geo. H. Brown, Jr.* for plaintiff. · No counsel for defendants.

DILLARD, J. The affirmance in this court of the judgment in the court below was based, as will be seen on reference to the opinion in 79 N. C., 54, on two grounds; first, that some of the issues were badly constructed, and especiacly the 7th one, wherein alternative inquiries were put to the jury, so that a single response thereto was without

meaning; and secondly, and chiefly, for that the finding of a purchase by the plaintiff for value and without notice of the equity of Ransom Tankard, in answer to the 3rd issue, was a contradiction to the reply of plaintiff, wherein he admitted a possession by Ransom, from the trustee's sale in 1849 to his death in 1872, and a possession by the defendants, his heirs at law since that time, which in law was notice to him of that equity.

On a careful examination of the case of appeal, it seems to us that apart from the grounds on which the judgment of affirmance was pronounced in this court, there are other issues and responses thereto free from all objection on which the court below might have proceeded to judgment on plaintiff's motion, and which in law authorized a reversal of the ruling below and the entry of a judgment in this court.

The jury find in answer to the 1st and 4th issues in substance, that Oliver Tankard, under whom the plaintiff derives his title, purchased the land in controversy at the sale in 1849, under an agreement with Ransom that he would buy for his benefit, and that at the sale he made known to bidders that he was buying for his brother and his family, and that thereby he purchased the land at less than its value. Upon this finding alone it is undeniable that the relation of trustee and *cestui que trust* was created. And thereupon an equity arose to Ransom to have Oliver declared a trustee of the legal title, and on re-payment of the purchase money to have a conveyance thereof to him; and this his equity on his death descended to defendants who are his heirs at law; and they may assert and enforce the same equity now against the plaintiff, the vendee of Oliver, if he took with notice, actual or constructive, of the equity in favor of their ancestor. *Mulholland* v. *York*, 82 N. C., 510, and cases therein cited.

But the jury find in answer to the 2nd issue, that no part of the money paid by Oliver in purchase of the land has

been repaid, and this being so, the defendants' right to have the title is not affected thereby, otherwise than by being obliged to do equity of repaying the purchase money before they could have the relief they ask.

The right of the defendants to redeem the land on the above facts is indisputable against Oliver Tankard, and if the plaintiff purchased from him with notice of that equity, actual or constructive, then the same right extends to him also. So the only question of fact to be found, in order to determine the liability of the plaintiff to be adjudged a trustee for defendant, and his right in that event to have repaid the money at which his vendor purchased the land, was the fact, whether he had purchased with or without notice of the equitable right of Ransom Tankard.

As to this fact of notice by plaintiff, the defendants allege that he had notice of the equity at the time of his purchase, if not actual, at least constructive notice, from the fact of Ransom's possession from the trustee's sale in 1849, up to and at the time of plaintiff's purchase, and thereafter to his death in 1872. And the plaintiff in his reply, although denying notice, distinctly admits the possession of Ransom at and before and after his purchase as alleged by defendants. Yet at the trial an issue was put to the jury as to notice, and in response thereto the jury found that plaintiff purchased without notice of the equity of defendants' ancestor. This finding of the jury in the decision of this court was the difficulty in the way of any judgment on plaintiff's motion on the other facts found and admitted in the pleadings. In our opinion the 3rd issue, in view of the admitted possession of Ransom at the time of plaintiff's purchase, claiming as the jury find under a trust in O. H. P. Tankard, was an unnecessary issue, and the response thereto was of no legal significance whatever in determining the sentence of the law on the other facts found and admitted.

We take it to be a well settled doctrine in equity and a recognized doctrine in our law, that a purchaser with notice of a trust or equity existing against his vendor is bound by such equities, and that besides actual notice there is a constructive notice raised by presumption of the law from the actual possession of the equitable claimant. The latter kind of notice is based not on the idea that actual occupation is evidence of notice, to be weighed and given such weight as a jury may think it entitled to, but upon the idea that in ordinary prudence a purchaser before he buys ought to ascertain who is in possession, and if any one, then by what right or claim he possesses. Under this rule an actual possession is a fact that the purchaser ought to know; and the right by which the possessor holds is also a fact he might know by inquiry, and therefore the law presumes that he does know it. The legal presumption thus made of notice is a conclusive one, not open to averment to the contrary or rebuttal on issue to the jury. This effect of notice presumed from the actual possession of another is settled to be the law of this state in *Edwards* v. *Thompson*, 71 N. C., 177, and cases therein cited. In that case, RODMAN, J., says, "that on policy an open, notorious, and exclusive possession in a person other than one's vendor is a fact of which a purchaser must inform himself, and he is conclusively presumed to have done so." And so likewise it is held that he is taken to know because he might know by inquiry of the equitable title of the party in possession. Adams Eq., 158; 5 Johns. Chan. Rep., 39; and cases in note to 2 White & Tudor's Leading Cases, 116.

Such being the effect of notice presumed from possession, it is clear from the admissions by plaintiff in his reply of a continuous possession by Ransom Tankard at the time of his purchase, and before and after, and up to his death, that plaintiff is conclusively to be taken as notified of his equity, now descended to defendants, and no finding of the jury to

the contrary on an issue unnecessarily put to them can avail to supersede an established rule of law.

Now putting this finding of the jury of a *purchaser without notice* out of the case, as being entitled to no import or consideration, then we have a purchase by Oliver, the vendor of plaintiff, of Ransom's land for less than its value, under a promise to let him have it back on repayment of the purchase money, which has never been repaid; and we have the further fact of a purchase by the plaintiff with a notice of Ransom's equity presumed from his possession. On these facts found on issues and admitted in the pleadings, to which there is no objection on the score of obscurity, inconsistency or otherwise, we think it was competent to the court below on plaintiff's motion, which was an assent to be held as trustee of the title for defendants, to have adjudged such trust and ordered a conveyance on repayment of the purchase money, or in default of such payment, then to have decreed a sale and a payment out of the proceeds, and the excess if any to defendants.

We must declare it to be our opinion that there was error in the refusal of the court below to proceed to judgment as above indicated, and also in this court in the affirmance of that judgment. The judgment pronounced in this court is reversed, and a judgment may be entered now in conformity to this opinion.

Error.                                          Reversed.