T. J. BOST and others v. DANIEL SETZER and others.

*Ejectment—Notice of Possession.*

1. Plaintiff abandoned the possession of a tract of land four or five years before the purchase by defendant; *Held*, that there was not such a possession of the plaintiff as to give notice or put the defendant upon inquiry.

2. Where one purchases land which he knows to be, in the possession of a person other than the vendor, he is affected with legal notice and must inquire into the title of the possessor.

(*Webber* v. *Taylor* 2 Jones Eq. 9; *Edwards* v. *Thompson*, 71 N. C, 177, cited and approved.)

EJECTMENT tried at Fall Term, 1882, of CATAWBA Superior Court, before *Avery, J.*

The following issues were submitted to the jury :

1. Did Jonathan Bost sign, seal and deliver the paper writing offered in evidence, and under which the plaintiffs claim.

2. Did the defendant, Daniel Setzer, have notice of the execution of said deed, and the claims of the heirs of Miles W. A. Bost, when the said Jonathan Bost conveyed the land in controversy to said Daniel Setzer ?

3. Did Daniel Setzer pay a fair price for the land in controversy ?

4. What is the annual rental value of the land in controversy ?

The plaintiffs in support of their title introduced a deed from their grand-father, Jonathan Bost, for the land in controversy, for the consideration of love and affection, bearing date the 12th of June, 1858, and then offered evidence tending to establish the following facts :

That the deed to the plaintiffs, who at the time of its execution were infants and the children of Miles W. A. Bost, a son of the donor, was delivered in 1858 by the donor to their mother for the benefit of the plaintiffs. Miles Bost, the father of the plaintiffs, had moved upon the land before the execution of the deed to his children—and he and his family continued to occupy it until 1863, when his wife with the children abandoned the possession, in consequence of the absence of Miles in the army. Whilst Miles was in possession, he cleared and cultivated about an acre of the land, erected a house thereon, and planted an orchard ; and the defendant, Daniel Setzer, lived about a mile from the land, and during the time of its occupancy by the parents of the plaintiffs, interchanged frequent visits with them. About the beginning of the war, while Miles and his family were living on the land, Jonathan Bost called for the deed

which he had given the plaintiffs, saying he wished to make some alterations in it because the children might otherwise turn out their father; the deed was surrendered to him and never returned. Miles Bost had claimed the land as his own, and paid the taxes one year, while he occupied it, and the taxes were paid by Jonathan Bost the other years. The annual rental was worth twenty-five dollars per annum, and five hundred dollars was a fair price for the land.

The defendants offered in evidence a deed from Jonathan Bost to the defendant, Daniel Setzer, for the consideration of five hundred dollars, dated March 8th, 1867, which embraced in its boundaries the land covered by the deed to the plaintiffs, and some other land in addition; and Daniel testified that he paid at the rate of seven dollars and fifty cents per acre for the land in dispute, and five hundred dollars for the whole, which was a fair price; that he had been in possession since 1867, had cleared and cultivated since then a portion of the land, and had never heard of the deed to the plaintiffs, nor had he heard that plaintiffs claimed the land until about the time this action was brought.

The plaintiffs' counsel asked the court to instruct the jury, " that if the possession of Miles and his wife was taken or held under said deed to the plaintiffs, the possession constituted notice in law of the claim of plaintiffs, and not simply evidence of notice."

The court declined giving this instruction and charged the jury, " that unless the said Miles and his wife had possession, claiming the land in 1867, when the defendants bought, the possession at a time anterior to his purchase, would not constitute constructive notice of the claim of the plaintiffs, and rebutted the question of notice upon an issue framed to the jury."

The plaintiffs excepted, and the jury in their responses to the issues submitted, found, that the deed to the plaintiffs from Jonathan Bost was duly executed and delivered; that

Daniel Setzer, at the time of the execution of the deed of
Jonathan Bost to him, had no notice of the deed of the said
Bost to the plaintiffs, nor of any claim of theirs to the land ;
that seven dollars and fifty cents was a fair price for the
land, and that the annual rental was worth twenty-five
dollars.

There was a motion for a new trial by the plaintiffs which
was denied, and judgment was given for the defendants.

No counsel for plaintiffs.
*Mr. M. L. McCorkle,* for defendants.

ASHE, J.  The only question which the record presents
for the consideration of this court is—was Daniel Setzer, the
defendant, by the deed he received from Jonathan Bost in
1867, a purchaser of the land in controversy for a fair price
and without notice of the deed or claim of the plaintiffs ?

It was in evidence that the defendant paid for the land
in controversy seven dollars and fifty cents per acre, and the
jury found that that was a fair price; and the only inquiry
then is—was the purchase without notice.

The notice, to affect the title of a subsequent purchaser un-
der the statute of 27 Elizabeth, is either actual or constructive.
Actual notice is where a knowledge of the fact is brought
directly home to the party ; and constructive notice is in its
nature no more than evidence of notice, the presumption
of which is so violent that the court will not ever allow of
its being controverted.   1 Story Eq. Juris., 399 ; 2 Sugden
on Vendees, 320.

A case in which the violent presumption of notice, or
what is by some authors called legal notice, arises, is where
one purchases land which he knows to be in the occupation
of another than the vendor; and the reason given is, be-
cause the fact of possession being notorious, it is sufficient
to put the purchaser on his guard, and to induce him to in-

quire into the title of the possessor. *Lessee of Bellinger* v. *Welsh*, 5 Binn., 53; Adams' Eq., 158; *Webber* v. *Taylor*, 2 Jones Eq., 9.

If for instance a person should purchase an estate from the owner, knowing it to be in the possession of a tenant, he is bound to inquire into the estate which the tenant had, and has an implied notice of the nature of his title. 1 Story Eq. Juris., § 400.

But to constitute constructive notice, the possession must be open, notorious, and exclusive, and existing at the time of the purchase. *Edwards* v. *Thompson*, 71 N. C., 177, and the cases above cited.

In the case before us the possession had been abandoned by the plaintiffs and their parents, four or five years before the purchase by the defendant, and was not such a possession as to give notice or put the defendant upon the inquiry. There was then no error in the refusal of His Honor to give the jury the instructions asked; and those given by him, being sustained by the authorities cited, and the jury under them, having found that the defendant's purchase was without notice and for a fair price, our conclusion is, there was no error, and the judgment of the superior court must be affirmed.

No error.                                              Affirmed.