S. H. JOHNSON and others v. LAWSON HAUSER.

*Ejectment—Actual Possession—Notice to Purchaser.*

The rule laid down in *Edwards* v. *Thompson*, 71 N. C., 177, and other cases, to the effect that actual possession of land by a person other than the bargainor, is sufficient notice to a purchaser of such person's equity, approved.

(*Mulholland* v. *York*, 82 N. C., 510; *Edwards* v. *Thompson*, 71 N. C., 177; *Bost* v. *Setzer*, 87 N. C., 187; *Tankard* v. *Tankard*, 84 N. C., 286, cited and approved).

EJECTMENT tried at Spring Term, 1882, of YADKIN Superior Court, before *Avery, J.*

The land mentioned in the complaint and demanded in the action belonged to one R. C. Poindexter, who in the year 1876 executed a deed therefor to J. H. Jenkins and Abram Hauser, and they in the month of August, 1878, conveyed the same to the *feme* plaintiff.

In answer to the complaint and as a counterclaim, the defendant alleges that in 1872, Poindexter entered into an agreement to sell the land to him for the sum of three hundred dollars, and to make title when the purchase money was paid; that under this contract he entered into possession and held and used the land until he was ejected therefrom in 1879 by the plaintiff; that in 1876, when most if not all of the purchase money had been paid (and all was paid before and during the year 1878), he applied to the vendor for a deed, which the latter refused to make until another debt of seventy-five dollars, contracted by the defendant in buying a mule, was also discharged; that the defendant thereupon applied to the said Jenkins and Hauser to advance the money for him and pay what he owed the vendor, which they promised to do and did do, taking from the vendor a deed for the premises, absolute in form, upon an express trust and agreement that they would hold the same as a security only for the money advanced, and on being re-imbursed would

reconvey to the defendant; and that the *feme* plaintiff bought the land and took title from them with full notice of the defendant's equity.

The defendant now offers to pay the money advanced, and demands a conveyance of the title.

The replication put in by the plaintiff denies that any contract in writing, if any contract at all, was entered into by the said Poindexter with the defendant, so as to be of binding force upon him, and denies also the transactions as detailed in the answer.

. Several issues were prepared and submitted to the jury, all of which were withdrawn after the testimony had been heard, except the second, which is in these words: 2. Did the plaintiff have notice of the defendant's interest in the land when it was conveyed by Jenkins and Hauser to her? the court being of opinion that a reference for an account would become necessary if there should be an affirmative finding upon this inquiry.

The evidence adduced on the trial was conflicting, upon the point of the plaintiff's having actual notice of the defendant's trust, attaching to the estate of her bargainors at the time of her making the contract of purchase and taking the deed of conveyance from them. Upon her own examination she admitted that the defendant was then in possession, and had been for several years previous, and the fact was known to her; but she was not aware that he had or claimed any interest in the land, and made no inquiries of him on the subject.

The defendant requested an instruction to the jury, that if the defendant was in the actual occupation of the land at the time of the plaintiff's purchase, this was sufficient notice to her of the defendant's equity. The court refused so to charge, and directed the jury that such possession was not constructive notice to the plaintiff, and in order to be charged with it, she must have had actual notice of the asserted equity. The defendant excepted to the refusal to charge as asked and to the charge given in place of it. The verdict on the issue was for the plaintiff, and from the judgment rendered thereon the defendant appealed.

No counsel for plaintiffs.
*Messrs. Haywood & Haywood*, for defendant.

SMITH, C. J., after stating the case.  The validity of the trust under the agreement stated in the answer, and attaching to the estate conveyed to Jenkins and Hauser, independently of the parol contract of purchase from Poindexter, does not appear to have been contested, and if it had been, it finds support in the ruling in *Mulholland* v. *York*, 82 N. C., 510, and the cases therein cited.  Assuming the legal sufficiency of the defendant's equity and right to have a conveyance to him, on his re-imbursing the amount advanced by Jenkins and Hauser, as against them, the inquiry is as to the notice necessary to their following the estate transferred to the plaintiff, and this is the only point presented in the appeal.

We think the defendant was entitled to the instruction asked, and that there was error in refusing to give it, as well as in the instruction given in substitution.  The decisions of this court are conclusive to this effect.

In *Edwards* v. *Thompson*, 71 N. C., 177, the subject was carefully considered, and it was held that an open, notorious and exclusive possession in a person other than the vendor, is a fact of which a purchaser must inform himself, and *he is conclusively presumed to do so."*  This ruling was made applicable to the plaintiff who resided in South Carolina, and had no knowledge of the agreement of sale out of which the equity arose, or of any incumbrance of the title of his bargainor, except so far as could be inferred from the fact of possession, and this fact was also unknown to the plaintiff.  *Bost* v. *Setzer*, 87 N. C., 187; Adams' Eq., 158.

The same deduction of notice from possession, merely, is made in the later case of *Tankard* v. *Tankard*, 84 N. C., 286, and allowed to prevail against an express finding of the jury to the contrary, upon a distinct issue submitted.  Delivering the opinion, DILLARD, J., observes: "An actual possession is a fact that

the purchaser ought to know, and the right by which the possessor holds is also a fact he might know by inquiry, and therefore *the law presumes that he does know it."*

Here, not only is the actual possession conceded, but the plaintiff had personal knowledge of the fact before and at the time when the deed to her was executed; and the case is more strongly against her in the effort to escape responsibility and discharge the estate of the adhering trust, than against those in the cases referred to.

There is error, and the verdict must be set aside and a *venire de novo* awarded. Let this be certified.

Error.                                       *Venire de novo.*