(Edwards v. Thompson, 71 N.C. 177; Tankard v. Tankard, 84 N.C. 286;Bost v. Setzer, 87 N.C. 187, and Johnson v. Hauser, 88 N.C. 388, cited and approved).
At Spring Term, 1884, by consent of parties, the cause was referred to James M. Mullen, Esq., "to hear and try the issues involved in the pleading, and to take and state such accounts as may be required by his decision; that he report the testimony and his findings to the next term of said court." To Fall Term, 1884, the referee reported the testimony and submitted the following as his findings of the facts:
1. That on the 18th day of September, 1881, the premises in controversy, subject to the widow's dower, were sold by James M. Mullen, as administrator d. b. n. of George Davenport, deceased, to make assets to pay debts, c. At that sale the defendant Davenport became the purchaser at the price of nine hundred and eighty ($980) dollars, which was duly reported and confirmed.
2. Davenport thereupon took possession of the land and has been in possession ever since.
3. On January 12th, 1875, the said Davenport owed a large amount on the purchase price, which, with interest to January 1st, 1876, amounted to $706.74, and being unable to pay the same, applied to the plaintiff Alfred White to take up the debt, which he did, and on that day Mullen, as administrator, and the defendant Davenport conveyed the premises to the said White by deed, which, after reciting the decree for sale, the sale, and purchase by Davenport and a payment by him of a portion of the price, contained these statements: "And whereas, the purchaser has made payment in part of said purchase money, and has obtained the assistance of one Alfred White to make payment of the *Page 39 
balance due thereon, and in consideration of said assistance has (13) desired the said administrator to convey said real estate to the said White: Now, therefore, this deed, made this the 12th day of January, 1874, between J. M. Mullen, administrator aforesaid, of the first part, and Alfred White, of the second part, all of the county and State aforesaid, witnesseth; that for and in consideration of the sum of nine hundred and eighty dollars, paid as aforesaid, the receipt whereof is acknowledged, the said party of the first part hath bargained and sold, and doth hereby alien and convey, unto the said party of the second part, his heirs and assigns, the real estate referred to in the premises," c.
* * * * * * *
In testimony whereof, the said J. M. Mullen, administrator as aforesaid, and the said Theophilus Davenport, who joins in this deed as evidence of his assent to the conveyance to said White, have hereunto set their hands and seals.
And at the same time the defendant Davenport executed to White the following bond:
"January 12th, 1875, $706.74. On the 1st day of January, 1876, I promise to pay to Alfred White, or order, the sum of seven hundred and six dollars and seventy-four cents, being for the purchase of lands this day conveyed to the said White by James M. Mullen, administrator d. b. n. of George Davenport, and which said White has sold to me."
At the same time White and Davenport entered into the following agreement:
"This is to certify that I, Alfred White, of the county of Halifax and State of North Carolina, for and in consideration of the sum of $706.74, evidenced by note, and payable January 1st, 1876, have bargained and sold to Theophilus Davenport, of said county and State, his heirs and assigns, the tract of land situated in said county, and this day conveyed to me by James M. Mullen, administrator d. b. n. of George Davenport, deceased, and for fuller description reference is hereby made to said deed. And I bind myself, my heirs, executors and administrators to make said Davenport, his heirs and assigns, a (14) fee-simple deed for said land upon said Davenport paying or causing to be paid, the said sum, on or before the time above specified. And it is hereby understood and agreed that time, is of the essence of this agreement, and should said Davenport fail to pay said sum and every part thereof, punctually at the time specified, then the said White is absolved from all obligations to make said deed, and the said Davenport, his heirs and assigns, forfeit all right in law or equity to demand the same. Witness, my hand and seal, and the seal of the said Davenport, this the 12th January, 1875." *Page 40 
On the same day the plaintiff White signed the following agreement, and upon the paper containing the preceding contract:
"Should the said Davenport fail to pay all of the said sum on or before the 1st January, 1876, I hereby agree to extend the time for the payment thereof to 1st January, 1877, and bind myself as aforesaid to make him said deed if said sum is paid on or before the said last mentioned time."
The deed was registered 6th July, 1876, but the contract was never registered.
4. On the 1st January, 1877, the said Davenport paid to White one hundred dollars upon said note.
5. It was understood between the defendants, that defendant Bell was to help pay for the land and take half of it. They agree to pay White (8) eight per cent. interest, but there was no writing to that effect.
6. On the 18th January, 1877, White extended the time of payment for four years, the defendants obligating themselves to pay him annually nine hundred pounds of lint cotton, the same to be applied to the aforesaid note of Davenport, and on that day executed this contract:
"This is to show that I have this day leased to Hope Bell and Theophilus Davenport, a farm known as the George Davenport land, for the term of four years, for nine hundred pounds of lint cotton each year — good white cotton. I bind myself, my heirs and assigns (15) to comply with the above obligation. This rent is for interest on a note held by me against Theophilus Davenport on said land.
ALFRED WHITE."
On the same day and at the same time with the foregoing the defendants executed the following agreement:
"We promise to deliver to Alfred White, two bales of lint cotton, weighing 450 pounds, by the first of November in each year, for four years.
 HOPE BELL, THEOPHILUS DAVENPORT."
7. On January 17th, 1881, another agreement was entered into by which the defendant Davenport agreed to rent the premises of White for two years, in these words:
"I have this day rented from A. White the place where I now live, for two years from the 1st January, 1881. I do hereby agree to pay to him nine hundred pounds of lint cotton yearly, over the widow's dower, for the rent of the said place. Dated January 17, 1881.
THEOPHILUS DAVENPORT." *Page 41 
At the same time the plaintiff A. White signed the following paper:
"This is to certify that I have this day rented to Theophilus Davenport the place where he now lives for nine hundred pounds of good lint cotton yearly, over the widow's dower. This the 17th January, 1881."
8. On the 19th July, 1882, the plaintiff White, without the knowledge of the defendants, sold the premises to the plaintiff J. H. Staton for $750 cash, and executed to him a formal deed in fee-simple, with covenants of warrant and seizin, which deed was duly proved and registered August 2, 1882. That at the times of this purchase White exhibited to Staton his deed from Mullen, administrator and Davenport, and Davenport's contract of rental for 1881, but did not exhibit to him his contract of 1877 with Davenport.
9. In addition to the one hundred dollars paid 10th January, (16) 1877, the defendants paid White nine hundred pounds of lint cotton for the years 1877, 1878, 1879, 1880, 1881, and 1882.
10. The price paid by Staton was a full and fair price therefor.
Upon these facts the referee finds these conclusions of law:
1. That the plaintiff James H. Staton purchased the premises without notice of the claims of the defendants, and is entitled to recover of them possession of the same; and for detention of the same should have judgment against the plaintiff White for interest on the amount, $750, paid by him to said White, from time of payment, July 19th, 1882, to the first day of this term, November 3d 1884, making the sum of $103.13.
2. That the defendants are entitled to recover of the plaintiff White the several amounts paid by them, with interest at 6 per cent., together with the amount received by him from Staton, without interest (their possession for 1883 and 1884 being a set-off to interest thereon), less the note of the defendant Davenport, $706.74, with interest at 6 per cent., which is to be deducted from their recoveries.
To this report the defendants filed exceptions, the second and fourth of which are in these words:
"Second. For that he finds as a conclusion of law, that the plaintiff James Staton purchased the land described in the pleadings without notice of the claims of the defendants, and that he is entitled to recover possession of same.
"Fourth. For that he fails to find that the relation of mortgagor and mortgagee subsisted between White and the defendant Davenport, and that Staton purchased with notice of this relation."
Plaintiff White filed one exception, in words as follows:
"Alfred White excepts to the conclusion of law No. 2 of the referee, finding him liable to Davenport for the sums paid to him, aggregating *Page 42 
$412.34, for that by the contract of sale between himself and Davenport the latter expressly discharges him from his obligation to convey the land on default of the payment of the purchase money to him when contracted to be paid."
(17) The Court sustained exceptions 2 and 4, and overruled the others, and from the judgment entered in conformity therewith the plaintiffs appealed.
The defendants, one or both, have been in continuous possession since the sale by the administrator, and, by repeated and consistent adjudications in this State, such possession affects a purchaser with notice of all equities which the occupying party has, and of which upon inquiry he could obtain information.
Whatever disposition to relax or modify the rule may have been manifested in the adjudications elsewhere, it is well settled in this State.
In Edwards v. Thompson, 71 N.C. 177, where the purchaser resided in another State and did not know of the possession in part by another, it was held that he was equally affected as if he had such information, andRodman, J., in enunciating the proposition remarks:
"On the same principle" (constructive notice from registration), "it follows that open, notorious and exclusive possession in a person other than his vendor, is a fact of which a purchaser must inform himself, and he is conclusively presumed to have done so. If the rule were otherwise, every one who contemplated a fraud on his tenant under a contract to purchase, would evade it by going to another State to sell over him, and the purchaser would carefully abstain from all inquiry. A purchaser whoinquires only of his vendor, is guilty of an imprudence which ought not to be encouraged," c.
So in Tankard v. Tankard, 84 N.C. 286, where upon an issue the jury found the plaintiff to be a bona fide purchaser without notice, though the party was in possession, the finding was held to be "of no legal significance" against the presumption of notice from possession.
The principle is recognized and approved in the subsequent (18) cases of Bost v. Setzer, 87 N.C. 187, and Johnson v. Hauser, 88 N.C. 388.
From whom should this information be sought, with assurance of a disclosure of the equity, except from the party who, by his possession, is asserting it? The answer is furnished, if an answer were needed, in *Page 43 
the opinion in Tankard v. Tankard, supra, wherein Dillard, J., says: "he" (the purchaser) "is taken to know, because he might know by inquiry, of the equitable title of the party in possession."
The vendor by a full disclosure, might defeat his proposed sale, and is interested in withholding the information, so that the vendee shows culpable negligence in contenting himself with exhibits and communications coming only from that source.
Again, the true relations of the parties, are at least indicated in the deed, which was seen, as they are clearly and fully expressed in the contemporaneous writings which define them.
The deed, and the renting contract, which were exhibited, are somewhat incongruous, and a prudent person would naturally seek an explanation of the apparent repugnancy.
This it does not appear the plaintiff Staton did, but he took the deed upon the mere production of these instruments.
It is insisted, however, for the appellants, that the execution of the note for rent, and the admission of a renting for two years, was placing with White the means of practicing a deception, and that he, rather than the deceived purchaser, should bear any loss consequent upon it.
It is not pretended that any such fraudulent purpose was entertained, and this was but one of a series of writings that had passed between the parties, and the fraud, if any, consisted in the selection and exhibition of one of the series, and withholding the others, all of which were required to develop the full transaction, and disclose the true relations that existed between the parties. It was the act of White in making the partial and false representations by which he was enabled to bring about the contract of sale, and serves to illustrate the necessity of seeking information from the person in possession as to the nature (19) and extent of his equitable claims. To put the loss on the defendant Davenport, under the circumstances, would be manifestly unjust, and unwarranted by any act of his own. It should fall on him whose own negligence has caused it, and whose reasonable vigilance would have prevented it.
We therefore sustain the rulings of the Court upon the defendants' enumerated exceptions, and so much of that of the plaintiff White as seeks to exonerate him from the obligation to convey the land on payment of the remaining part of the purchase money. The judgment rendered in conformity to the findings, and drawn out in form, substituted for that in the printed record is obnoxious to no objection when rendered; it will require some modification, not in substance, but in particulars not pertinent, from lapse of time, and as so modified is *Page 44 
affirmed. It is so adjudged. The appellants will pay the costs of appeal, and the cause will be remanded for further proceedings in the Court below.
It is so ordered.
Cited: Barnes v. McCullers, 108 N.C. 54; Russ v. Hendrix, 110 N.C. 405;Smith v. Fuller, 152 N.C. 13; Lee v. Giles, 161 N.C. 546; Grimes
v. Andrews, 170 N.C. 524.