## CHAMBERLAIN *v.* MENSING.

*(Circuit Court, D. South Carolina.   July 11, 1892.)*

1. PLEADING—AMENDMENT—NEW CAUSE OF ACTION.
    Under Code S. C. § 194, which governs the federal courts in actions at law in that state, no amendment proposed at the trial can be allowed for the purpose of introducing a new cause of action.

2. SAME—ACTION TO RECOVER LANDS.
    Where, in an action to recover lands and damages for the withholding thereof, the complainant avers that defendant is in possession of said lands wrongfully withholding them from plaintiff, a proposed amendment adding an averment of illegal and tortuous disseisin, with intent to convert the lands to the use of defendant without any legal claim, does not set up a new cause of action, but is merely an amplification of the old one.

3. SAME—DAMAGES.
    The damages in such an action are properly placed in the prayer for relief, which is no part of the cause of action, since they are merely an incident of the wrong alleged, and necessarily flow from it; and, as the amendment to the cause of action heightens and colors the wrong, an amendment should also be allowed increasing the damages prayed for.

At Law.   Action by D. H. Chamberlain against Henry C. Mensing for the recovery of land, and damages for the withholding thereof.   On motion to amend complaint.   Allowed.

*Mitchell & Smith,* for plaintiff.

*Northrop & Memminger,* for defendant.

SIMONTON, District Judge.   This is an action for the recovery of real property.   In South Carolina the plaintiff can in such an action join claims for the recovery of the land, with or without damages for the withholding thereof, and for the rents and profits of the same.   Code S. C. § 188, subd. 5.   The plaintiff brings his suit for the recovery of the land, and for damages for withholding the same.   In his third paragraph he charges that defendant is in the possession of the said lands wrongfully withholding the same from the plaintiff.   He proposes to amend by adding to this section the averment of illegal and tortuous disseisin in the taking and holding possession by the defendant, with intent to defeat the well-known right of plaintiff, and to convert the same to the use of defendant, without any legal claim on his part.   In the complaint proper no damages are demanded.

In his prayer for relief he asks for $500.   He now proposes to amend his prayer, and to insert $1,500, in lieu of $500.   No affidavit is filed with the motion.   It is based on facts developed in the trial of a cause in this court by this plaintiff against one Bittersohn.   The present defendant was a witness in that case and testified.   On his testimony plaintiff prays the amendments.   This is a motion addressed entirely to and absolutely within the discretion of the court.   *Matheson* v. *Grant,* 2 How. 263.   This discretion must be exercised according to law.   It is urged that the amendment cannot be granted, because it changes substantially the case of the plaintiff, and introduces a new cause of action.

In *Tilton* v. *Cofield,* 93 U.S. 163, Mr. Justice SWAYNE, by way of *obiter dictum,* approves the case of *Tiernan* v. *Woodruff,* 5 McLean, 135,

in which the doctrine is maintained that amendments can be allowed for the purpose of introducing into the suit a new and independent cause of action. Mr. Pomeroy, in his Remedies and Remedial Rights, (section 566,) says that this is the law in many states. In South Carolina the section of the Code of Civil Procedure (section 194) allowing amendments has received full and exhaustive discussion. The law in this state, which in this matter is the law of this court, is that no amendment proposed at the trial of a case can be permitted if it introduce a new cause of action, thus changing substantially the claim of defense. *Trumbo* v. *Finley,* 18 S. C. 305; *Dunsford* v. *Brown,* 19 S. C. 567. But this limitation to the power of amendment does not apply to motions made anterior to the trial, after as well as before the defenses are in. *Hall* v. *Woodward,* 30 S. C. 575, 9 S. E. Rep. 684. So, even if the proposed amendment added a new cause of action, this alone would not preclude the court from considering it. But it does not introduce a new cause of action. This complaint is an action for the recovery of land and for damages for withholding the possession thereof. The gist of the action is the violation of the right of plaintiff in the disseisin by defendant. The proposed amendment to the third section is an amplification of this section, setting forth in greater particularity and detail the manner of the disseisin. It changes the degree of the wrong, but not its essential character. If it be true, the fact should be proved in order that justice be done. If it be false, defendant has ample time, and will have full opportunity of meeting it.

With regard to the proposed amendment in the prayer, it will be noted that the complaint itself contains no allegation of damages. It charges a violation of the right of plaintiff. The damages are the necessary result of such violation. So they are properly in the prayer for relief, which is no part of the complaint. *Levi* v. *Legg,* 23 S. C. 283. The damages are not the cause of action. The cause of action is the wrong done to the plaintiffs. The right to recover damages grows out of this wrong done, because of the wrong. The amount so recoverable depends upon the nature, character, extent, and motive of the wrongdoing. Damages being thus an incident of, necessarily flowing from, and recoverable because of, the wrong, if the amendment be allowed, stating the character of the wrong, heightening and coloring it, increasing it in degree, so, also, the amendment should be allowed in the prayer for relief, increasing the amount of damages. It is so ordered.