Doe ex dem. WILEY GAITHER v. ANDREW P. GIBSON.

Suits pending at the time of the adoption of the Code are to be proceeded in and tried under the then existing laws and rules applicable thereto; there-fore, in an ejectment which was then pending the defendant has no right to have relief because of a " counter claim" under a bond for title from the plaintiff.

(Teague v. James ante 91 cited and approved.)

EJECTMENT, tried before Mitchell, J., at Fall term 1868 of the Superior Court of CALDWELL.

This is the case in which a new trial was granted at January term 1868 of this Court. (Phil. p. 530)

The only matter necessary to be stated here is, that at the commencement of the trial the defendant stated that he had an equitable defence, and offered to introduce it; viz: such an agreement signed by the plaintiff, for conveying the land in question, as would entitle him to a decree for specific perform-ance; and thereupon he offered to adopt such practice as the Code demanded in such cases.

His Honor thought the defence inadmissible. There was a. Verdict, and Judgment for the plaintiff; and the defendant, appealed.

*Malone*, for the appellant.

*Folk*, contra.

PEARSON, C. J. Mr. Malone rested his case mainly on the ground, that his Honor erred in not permitting the defendant (upon his offer before the trial) to rely on the counter claim arising out of the contract of sale, and to allow the pleadings to be so amended, as to let in that defence. He took two grounds, 1st the equity arising from the contract of sale, is a *counter-claim*, within the meaning of the " Code of Civil Procedure," § 100, subd. 2; 2nd, this being an action

of ejectment, comes under § 7, sub. 1, which provides that the enactments of the Code shall be applicable to civil actions pending at the time of the approval of the Constitution and not founded on contract, "as far as may be, according to the stage of the progress of the action and having regard to its subject and not to its form." His argument was, here is a counter claim within the meaning of the Code—if it is established the defendant will not be put out of possession, and the whole controversy will be settled in one action; and in an action of this kind, the Court is directed to go according to the "Code of Civil Procedure" "as far as may be."

The argument was very plausible, and at first we were inclined to adopt the conclusion.

The Code contemplates that the whole controversy is to be settled in one action. In this instance the counter claim might have been fitted in very well, but there are other sections of the Code which explain § 8, sub-division 1, and show clearly that the Judge had no power to allow the pleadings to be amended so as to let in an answer, setting up the counter claim. Sec. 400 directs the clerks of the Superior Courts to enter on a special docket all suits pending at the ratification of the Code. Sec. 402, provides that said suits shall be proceeded in and tried "under the existing laws and rules applicable thereto." This settles the question, and shows that the defendant is left to an action, in order to set up his claim to a specific performance, and must apply for special relief by the remedy of injunction, pending his new action,—see *Teague* vs. *James ante* 91.

PER CURIAM.                              Judgment affirmed.