DOE *ex dem.* ISAAC S. LINKER *v.* J. A. LONG.

A freehold estate in lands, once vested by deed, cannot be divested by a subsequent re-delivery of such deed to the vendor, even where such re-delivery is accompanied by an (here, unsealed) endorsement, signed by the vendee, to the effect, "I transfer the within deed to W. F. T. again."

Such endorsement furnishes evidence of an agreement to reconvey, which might be enforced *by a Court of equity*, upon a proper application in any case which (like the present) was *pending* at the time that the C. C. P., was adopted.

(*Gaither* v. *Gibson*, 63 N. C. 93, cited and approved.)

EJECTMENT, tried before *Logan, J.*, at Fall Term 1869 of CABARRUS Court.

The lessor of the plaintiff claimed under a deed to himself, executed November 6th 1852, by one W. F. Taylor. It was shown that this deed was re-delivered by Linker to Taylor, May 11 1853, with an endorsement, signed by Linker, " I transfer the within deed to W. F. Taylor again," and that Taylor, now dead, and those who claimed under him, had remained in possession to the time when this action was brought, April 4th 1860. It also appeared that the defendant had been compelled, by order of the Court, November 27th 1869, to file said deed with the Clerk, so as to enable the lessor of the plaintiff to have it registered—which was done.

His Honor excluded the deed as evidence of title in the plaintiff. The plaintiff excepted, and submitted to a nonsuit ; and appealed.

*Wilson,* for the appellant.
*R. Barringer, contra.*

PEARSON, C. J. "His Honor refused to let the deed be read to the jury as evidence of title in the lessor of the plaintiff." There is error.

This ruling is based upon the idea, that, as it appears from the endorsement upon the deed that it had been redelivered by the bargainee to the bargainor, the legal effect of this writing on the back was to nullify the deed, and make it as if it had never been executed. By force of the deed, and the operation of the statute 27 Hen. VIII, an estate of *freehold of inheritance* was vested in Linker on the 6th day of November 1852. The question is, has that estate been divested by any conveyance, or means, known to the law.

Suppose that deed, upon the 11th day of May 1853, had been cancelled, torn up, or burnt, by consent of both parties; the estate would not have been thereby revested in Taylor ; for,

by the common law, a freehold estate in land, can only pass by livery of seizin—under the Statute of Enrollments, by "deed of bargain and sale indented and enrolled,"—and under the act of 1715, by "deed duly registered:" so, the freehold having passed to Linker, could only be passed from him, either to a third person or to Taylor, by some kind of conveyance known to the law. A Will, being ambulatory, may be revoked by cancellation: a Covenant or agreement, being *in fieri,* a thing to be done,—by cancellation or by deed of defeasance, which may be executed after the covenant. But a Conveyance of a freehold estate of inheritance, being *a thing done,* cannot be *undone* by cancellation, or in any other mode, and the estate can only be revested by another conveyance; unless a condition or deed of defeasance executed *at the same time* and as a part of the conveyance, be annexed to the estate, giving to it a qualification by which it may be defeated. For illustration, a mortgage is a conveyance on condition. If the money be paid at the time fixed, the estate is revested in the mortgagor, but if the condition be not performed by payment at the day, the estate becomes absolute, and although the money be paid and accepted afterwards, the estate can only be revested by another conveyance.

It was properly conceded on the argument, that the writing upon the face of the deed did not amount to a conveyance. But it was said (and in this conclusion we presume his Honor concurred) that the writing on the deed. shows that the parties did not look upon the matter as closed at the time of the execution of the deed, and the subject was left open for future arrangement.

The question, can a freehold estate be divested by a deed of defeasance executed *after* the estate has vested, is settled. But, in our case the question is not presented, for the writing on the back of the deed was not sealed or delivered as a deed; and a defeasance by which to defeat a deed, must be *by deed: eo ligamine quo ligatur.* The only effect that can be allowed to this writing is, that it furnishes

evidence of an agreement to reconvey, which a court of equity would enforce by a decree for specific performance, provided it be supported by a valuable consideration.

Under the operation of the Code of Civil Procedure, it may be that this equity can be enforced in an action for the land, under the rule: "Equity considers that to be done which ought to be done:" but as this action was commenced under the old mode of procedure, that short hand way of doing justice does not apply, and his Honor erred, in not leaving the defendant to work out the equity by a bill for specific performance, and an injunction restraining the plaintiff from taking out a writ of possession: *Gaither* v. *Gibson,* 63 N. C. 93.

On first impression, it occurred to us that possibly the ends of justice would have been met and circuity of action avoided, had his Honor refused to allow the deed to be registered; that course would have been better than to refuse to let the deed be read to the jury after it had been registered, and the legal title had, by relation, vested in Linker from the sale of the execution of the deed.

After reflection we are satisfied it was best to give both sides a fair showing, by allowing the deed be registered, as the ceremony of registration will not at all impair the presumption arising from the long possession of Taylor, and the silent acquiescence of Linker.

