JAMES W. EDWARDS v. JAS. H. THOMPSON and others.

Possession, if open, notorious and exclusive, puts a purchaser upon enquiry, and is notice of every fact which he could have learned by enquiry; and if the purchaser lived in another State, the principle of constructive notice applies notwithstanding.

The possession of a tenant has the same effect in regard to notice as possession by the landlord.

A contract to purchase, though in some respects regarded as a mortgage, is not void as to subsequent purchasers for want of registration.

In a proceeding to foreclose a mortgage, when the defendant pleads that the debt has been paid, the Judge below must decide whether a proper case has been made, justifying him in suspending a judgment for a plaintiff whose legal right of possession is not denied, until the determination of the question whether the mortgage debt has been paid or not. If the debt has not been paid, the plaintiff is entitled to judgment, unless the defendant shall pay under the order of the Court, what is found to be due and unpaid.

(*Webber* v. *Taylor*, 2 Jones Eq. 9; *Taylor* v. *Kelly*, 3 Jones Eq. cited and approved.)

CIVIL ACTION for the recovery of real property, and damages for withholding the same, tried before *Buxton, J.*, at the January (Special) Term, 1874, of WAYNE Superior Court.

The material facts are fully stated in the opinion of Justice RODMAN.

On the trial below there were a verdict and judgment in favor of the plaintiff, from which defendants appealed.

*Smith & Strong*, for defendants.
*Faircloth & Grainger*, contra.

RODMAN, J. This action is to recover land and damages for withholding the possession. It was originally brought against James H. Thompson and one Redford, his tenant.

The answer of Thompson admits that he and Redford were in possession. He says that the land belonged to him until

12

IN THE SUPREME COURT.

some time in 1861, when the Sheriff of Wayne sold the same and a slave under execution, when one O. H. Whitfield purchased, and received a deed from the Sheriff on 4th April, 1861. On the same day, Whitfield entered into a written contract with him whereby he agreed that if Thompson would within twelve months after that day, pay to Whitfield $601.28, the price which he had paid for the land and slave, and would also during the same time pay to Bright Thompson a note for $1530 to which Whitfield was surety for James H. Thompson, then he (Whitfield) would convey the land and slave to said Thompson. He further says that he has paid the note to Bright Thompson and fully indemnified Whitfield, and that he and Whitfield were partners in making turpentine in the years 1866 and 1867, and that by reason thereof, and otherwise, Whitfield became and was at the time of his sale to plaintiff, and still is indebted to him in a much larger sum than $601, and interest thereon; that Whitfield being thus indebted to him, for the purpose of defrauding him, on 26th March, 1867, sold the land for an inadequate price to the plaintiff who well knew of his rights in the premises. James H. Thompson, after having answered, died and his heirs became parties defendant, and adopted his answer.

The case made for this Court sets forth the purchase of Whitfield under execution, and his agreement with James H. Thompson (a copy of which is made part of the case and corrects some omissions made by the Judge in stating its contents,) in substance as they are stated in the answer. The agreement was never registered. The case furhter sets forth that after the execution of that agreement James H. Thompson remained in the possession of the land personally, or by his tenants, until his death after the commencement of the action, and that one Simon was in possession as a tenant of said Thompson, on 26th March, 1867, when Whitfield sold to plaintiff, who was a a resident of South Carolina. That plaintiff had no knowledge of the agreement between Whitfield and Thompson, or of any incumbrance whatever on Whitfield's title, except so far as

such knowledge would be inferred from the fact of Simon's being in possession, which fact also was unknown to plaintiff. It is denied in the answer that plaintiff was a purchaser for value in the legal sense of that term, but as no question on that point appears to have been made at the trial, it is unnecessary to notice what is stated on that point. Some only of the heirs of Thompson took possession of the land after his death, and some questions were made as to the liability for mesne profits of those who did not take possession. In the view we take of the case it is unnecessary to consider these questions.

The principal question on the trial was whether the plaintiff was a purchaser without notice. The defendants contended that the possession by Simon, whether the plaintiff actually knew of it or not, was notice to him of the equity of James H. Thompson, and that the plaintiff therefore purchased subject to such equity.

His Honor instructed the jury that the continuance in possession by Thompson after the Sheriff's sale, would in the absence of any special agreement, make him a tenant at sufferance, and that his possession in March, 1867, was notice to the plaintiff that he claimed as such tenant, but was not notice of any other or greater claim by him. Upon this instruction the jury found that the plaintiff was a *bona fide* purchaser, for value and without notice.

There is some difference among the authorities on the question as to whether actual possession by a person is notice to a purchaser, of an equity in favor of such person against a vendor. But the decided weight of authority is in favor of the proposition that possession, if open, notorious and exclusive, puts a purchaser upon enquiry, and is notice of every fact which he could have learned by enquiry.

*Webber* v. *Taylor*, 2 Jones Eq., 9, and *Taylor* v. *Kelly*, 3 Jones Eq., are to this effect. These cases are fully supported by the following English and American cases, which with many others we have examined; 2 Sugden, V. and P., 337; 2 Ves. V., 440; 13 Ired. 121; 2 Lehs. and Lef., 583; 2 Ball and

Beat, 416 ; 1 Mer., 282; 1 Russ and Mylne, 39 ; 19 Iowa, 544; 10 California, 181 ; 12 Ired., 363 ; 22 Illinois, 310 ; 1 Story Eq. Jur. S., 400.

These cases clearly go beyond the line laid down by the Judge. They held that if the tenant in possession has a contract to purchase, notice of the possession is notice of that contract, because it might have been found out on enquiry.

The plaintiff, however, says that all these cases are distinguishble, as in all of them the purchaser knew, or from living in the neighborhood, &c., was assumed to know of the possession, whereas in the present case as the purchaser lived in another State, no such presumption would arise.

The observation is true as far as the cases are concerned. I have found no case in which the purchaser lived in another State. But we think the principle of constructive notice applies notwithstanding this.

The proposition of the plaintiff supposes that the question of notice of an equity in derogation of the vendor's right to sell, is exclusively one of fact; and that in order to be fixed on the purchaser it must be shown either that he had notice in fact, or else wilfully, imprudently and in the language of the law, fraudulently omitted to enquire when the means of enquiry were in his reach.

We do not think this is the true principle. On policy the law avoids such minute and uncertain enquiries. It says that if a contract of sale be registered it is conclusive of notice, notwithstanding the purchaser lived in another State and did not, in fact, search the Register's books. 1 Story Eq. Jur., sec. 403. And on the same principle it follows that open, notorious and exclusive possession, in a person other than his vendor, is a fact of which a purchaser must inform himself, and he is conclusively presumed to have done so. If the rule were otherwise, every one who contemplated a fraud on his tenant under a contract to purchase would evade it by going to another State to sell over him ; and the purchaser would carefully abstain from all enquiry. A purchaser who enquires only of his vendor,

is guilty of an imprudence, which ought not to be encouraged, and which seldom or never takes place, except where he buys for a trifling sum, or in payment of a bad debt. Such a purchaser can hardly be said to purchase *bona fide*. 1 Story Eq. Jur., sec. 397.

The plaintiff further contends that the possession of Simon was notice only of Simon's estate, and not of that of Thompson, his landlord.

This contention is supported—or seems to be—by the English case of *Hanbury* v. *Litchfield*, 2 Mylne & Reene, 629, 633; 1 Story Eq. Jur., sec. 400, note 5. It is the only case which we have found that does so. We apprehend that however reasonable that doctrine may be in England, where a long series of assignments of leases and of sub-leases is not uncommon, it has no application to the condition of things existing with us, where such things are almost unknown.

In this case, Simon held directly of Thompson, it does not clearly appear whether as a cropper or as a tenant. It must be presumed that Simon, on enquiry, would have referred the intending purchaser to Thompson, from whom he would have obtained full notice.

Further, it is said for the plaintiff that Thompson is in laches because he failed to register his contract with Whitfield. This is true; but the act (Rev. Code, ch. 37, sec. 26,) does not say that a contract to purchase shall be valid only from the registration, as it does in section 22, of mortgages. We cannot import into the act a provision it does not contain, merely because a contract to purchase is in many respects regarded as a mortgage, when the act makes a difference. The cases of *Webber* v. *Taylor* and of *Taylor* v. *Kelly*, cited above, are conclusive that the contract to purchase was not void as to subsequent purchasers for want of registration.

We consider that the plaintiff bought subject to the equities of Thompson, and in respect to those equities, took the place of Whitfield so far as they concerned the land.

What those equities were we are unable definitely to deter-

mine. It does not appear that on the trial any evidence was offered to prove the allegations in the answer that the claims of Whitfield on Thompson had been paid off. Probably the defendants omitted to offer evidence on this point, because the Judge intimated an opinion that upon the evidence the plaintiff was a purchaser without notice, whereby such proof appeared immaterial.

We are required now to consider a new and important question of practice which, although all the other points in the case were fully and ably argued by the learned counsel on each side, was not touched on.

When Courts of law and equity were separate, a mortgage was considered at law, after forfeiture by the mortgagor, to have an absolute estate, and he could recover the possession by an action of ejectment. The mortgagor could, nevertheless, file his bill in equity, and on showing that he had paid off the mortgage debt the Court would enjoin the action of the mortgagee and compel a re-conveyance of the legal estate. Upon his swearing that he had paid it off and making a probable case to that effect, the Court would enjoin the action of the mortgagee until an account could be taken and the fact ascertained. In the present case Thompson may be considered, for the purpose of the present question, the mortgagor, and Whitfield (or the plaintiff who represents him,) the mortgagee. If the defendant had merely pleaded an equity by the agreement to have the legal estate on payment of a certain sum, without pleading that he had paid it, we apprehend his plea would have been insufficient to prevent the plaintiff from a judgment for the possession. A mortgagee whose estate has become absolute at law by the non-payment of the mortgage debt at maturity, is always entitled to the possession of the land as a security for his debt. But here the defendant pleads an actual payment of the mortgage debt. In such case his plea must be regarded as a bill in equity to enjoin a recovery of the possession in an action at law by a mortgagee, and the Judge must decide, just as he would have done upon such a bill, whether

a proper case has been made upon which he can suspend a judgment for the plaintiff whose legal right to the possession is not denied, until the determination of the question whether the mortgage debt has been paid or not. If it has not, clearly the plaintiff is entitled to a judgment unless the defendant shall pay, under the order of the Court, what is found due and unpaid.

These observations will enable the Judge below to dispose of the question which arises upon our decision that the plaintiff was a purchaser with notice.

Upon the taking of the account or other proceeding to ascertain whether James H. Thompson has paid off his debt to Whitfield, if it shall appear that he had paid it off before his death no question of damages will arise, for the equitable title of the heirs will be complete. If it shall appear otherwise, the question may arise. On taking such an account the personal representative of Thompson will be a necessary party in order that he may be bound by the account taken.

PER CURIAM. There is error in the instructions of his Honor. The case is remanded to be proceeded in, &c. Let this opinion be certified.