## WILLIAM NEAVES v. NORTH STATE MINING COMPANY.

### *Agency—Corporations—Statute of Frauds.*

1. A draft signed by an agent is a sufficient memorandum of a contract to fulfill the conditions of the statute of frauds, and binds the principal, though the name of the latter does not appear in the instrument. The authority of the agent may be shown *aliunde,* and such authority need not be in writing.

2. Therefore, where an agent of a corporation agreed to buy land and deliver drafts to the vendor, which were drawn by one of its officers and endorsed by said agent, and a deed was thereupon executed to the company, but the drafts were protested for non-payment; *Held,* in an action by the vendor to recover the purchase money, that the company is bound by the contract.

(*Mizell* v. *Burnett,* 4 Jones, 249; *Green* v. *Railroad,* 77 N. C., 95; *Oliver* v. *Dix,* v. *Hooker,* Phil. Eq.; 193, cited and approved).

1 Dev. & Bat. Eq., 158; *Washburn* v. *Washburn,* 4 Ired. Eq., 306; *Phillips*

CIVIL ACTION tried at Fall Term, 1883, of ASHE Superior Court, before *Graves, J.*

On the first day of October, 1881, the plaintiff in person and the defendant corporation, through one R. M. Eames, its duly authorized agent, entered into an agreement for the sale by the former of certain mineral interests in land owned by him to the latter for five hundred dollars, the title to be made and the purchase money to be paid at once in consummation of their respective contracts.

Instead of a payment in money, the said agent delivered to the plaintiff five several drafts, each in the sum of one hundred dollars, drawn by one William Brandreth (an officer of the defendant), upon the East River National Bank of New York, payable to and endorsed by the said agent, with the assurance of their being accepted and paid out of the funds then on deposit, and thereupon the plaintiff executed and delivered a deed (conveying said mineral interests to the company) to the said agent, which was accepted, and has been duly proved and registered.

The several drafts were presented at the bank and protested for non-payment, of which notice was given to the defendant.

The present action was then instituted to recover the purchase money aforesaid, specified in the drafts, and the defendant denies having made a contract with the plaintiff, and offers, upon a surrender of the drafts, to reconvey the premises to the plaintiff.

Upon these facts the court directed judgment to be entered for the plaintiff, and the defendant appeals.

*Mr. J. W. Todd,* for plaintiff.
*Messrs. Q. F. Neal* and *D. G. Fowle,* for defendant.

SMITH, C. J., after stating the above. The appellant relies upon the statute of frauds as a defence to the action, and the only question is, whether the drafts, as containing written evidence of the defendant's contract, are a sufficient compliance with its requirements.

The statute in this state not differing in this particular from the English act of 29 Char. II, declares that contracts of the kind specified "shall be void and of no effect, unless such contract or some memorandum or note thereof shall be put in writing, and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized. THE CODE, §1554.

The entire agreement is not required to be put in writing, but only the contract of the party against whom its stipulations are to be enforced, and it is sufficient if there be a written memorial of this, from which its terms can be seen, although the contract itself when made was verbal only. This has been held where the recitals were contained in a letter and proof could be made without resort to parol testimony. *Mizell* v. *Burnett,* 4 Jones, 249; *Green* v. *Railroad,* 77 N. C., 95.

Nor is it necessary that the consideration of the undertaking should be in writing, and when necessary it may be shown by evidence *aliunde.*

It is moreover a compliance with the statutory demand that the contract of the vendee is put in the form of a note or other personal security given for the purchase money. .

In *Mizell* v. *Burnett, supra,* PEARSON, J., makes this exposition of the law:

"The statute provides," he remarks, "that the contract shall be signed by the party to be charged therewith. This answers the purpose, which is to exclude perjury in an action to enforce the contract. In reference to the other party the statute is silent, and there is consequently nothing to justify the construction that he is also required to sign. If the purchaser of land pays the price in cash, taking the bond for title, there is no reason why he should put his signature to the contract. So, if he gives *a note for the price, that is sufficient, although the note makes no reference to the contract.*"

The transaction from its inception to the delivery of the drafts was exclusively between the parties to the action, the deed was made to the company and accepted by it, the drafts were a means of payment by the defendant of the price of the property conveyed, and they were put in that form by its agents for its benefit and with its sanction.

Is this a sufficient memorandum of the defendant's contract to bind it within the meaning of the statute? This is the only point raised on the appeal.

It does not admit of question that all the elements of the defendant's contract necessary to be in writing are to be found in the drafts, and the only difficulty arises out of their being in the form of personal securities of the persons who draw and endorse, and which upon their face have no apparent connection with the company for whom they were then acting, and under ample authority. This objection, however, we think, has been removed in the construction put upon the words of the statute by former adjudications.

In *Oliver* v. *Dix*, 1 Dev. & Bat. Eq., 158, Chief-Justice RUFFIN says: "Within the statute, the signature need not be *that of the principal, nor in his name,* but that of the agent is sufficient."

These words are adopted as a correct expression of the law by Nash, J., in *Washburn* v. *Washburn*, 4 Ired. Eq., 306, and again in *Phillips* v. *Hooker*, Phil. Eq., 193, where Battle, J., in answer to the objection that the contract was that of the agent only and did not bind the principal, says: " We think otherwise. It is true that the note or memorandum of the contract does not expressly state that Amos Harvey was the agent of the defendant, or that he was acting as her agent, but it does sufficiently appear by implication that he was so acting, for he says: 'I do agree for Mrs. Hooker to make a deed,' which means she shall make a deed. This shows that Harvey was acting as agent, and then a signature in his name satisfies the requirement of the statute of frauds, as was expressly decided in *Oliver* v. *Dix*," and he adds: "Besides, it appears from the answer, that the defendant admitted the agency and ratified the contract of sale made by the agent, a circumstance which is also relied on in *Oliver* v. *Dix*, as having a binding effect upon the principal."

The statute does not require the party's own signature to the memorandum, in the words of a recent author, but allows it to be signed by "some other person thereto by him lawfully authorized."

So it is held that a member of a corporation is a competent agent under this clause to sign for the corporation or a partner for his firm. Browne Stat. Frauds, §367.

As the authority of the agent to act for his principal may be shown *aliunde*, and here the authority to do what was done is conceded in the case, so it is not necessary that the name of the principal or his relation to the transaction shall appear upon the writing itself, or in the form of the signature. It is sufficient, that the act was throughout for the principal, and with his full concurrence to make the memorandum, to fulfill the conditions of the statute and impose a legal obligation.

This proposition rests upon ample authority, as a few references will show.

In *Sanborne* v. *Flogler*, 9 Allen, 474, Bigelow, C. J., declares

that an agent may write his own name and thereby bind his principal, and that parol evidence is competent to prove that he signed the memorandum in his capacity as agent.

"It is clear," says Hoyt, J., "that the authority of the agent in such a case need not be in writing." *Dykes* v. *Townsend,* 24 N. Y., 57. Browne Stat. Frauds, §370*a.*

It is not necessary that the authority should be in writing. *Blood* v. *Hardy,* 15 Maine, 61.

The statute does not exclude parol evidence that a written contract for the sale of goods, purporting to be between the seller and buyer, was in fact made by the *buyer only as agent for another.* *Wilson* v. *Hart,* 7 Taunton, 295.

The agent's signature may be in his own name, no principal's name or fact of agency appearing in the memorandum, and *parol proof* will be admitted to show the agency and hold the principal. Browne Stat. Frauds, §370*b.*

To the same effect are *Johnson* v. *Dodge,* 17 Ill., 433; *Curtis* v. *Blair,* 26 Miss., 309; *McWharter* v. *McMahan,* 10 Paige (N. Y.), 386; *Champlin* v. *Parish,* 11 *Ib.,* 405.

The drafts then being drawn by an officer of the defendant and endorsed by another agent who conducted and undertook to consummate the negotiation, are admitted to be in the exercise of an agency and in legal effect the act of the company, whose operations are conducted by agencies, and as the sum contracted to be paid fully appears therefrom, it is the same as if the instruments were corporate acts in form, as they are in effect, and thus the statute is complied with.

There is no error, and judgment will be here entered in affirmation, with costs.

No error.                                    Affirmed.