CHARLES WHITE v. THOMAS D. HOLLY and others.

*Contract to convey land must be registered—Evidence.*

Contracts to convey land are not available in law and cannot be admitted in evidence in an action for specific performance, until proved and registered.   THE CODE, § 1245.

(*Edwards* v. *Thompson,* 71 N. C., 177; *Mauney* v. *Crowell,* 84 N. C., 314, cited.)

CIVIL ACTION tried at January Special Term, 1884, of BERTIE Superior Court, before *Avery, J.*

The defendants appealed from the judgment of the court below.

*Messrs. Mullen & Moore* for plaintiff.
No counsel for defendants.

MERRIMON, J.   The plaintiff brought this action to compel specific performance of a contract in writing whereby the defendant, Holly, agreed to convey to the plaintiff the land mentioned in the complaint.   To prove the contract as alleged, the plaintiff put in evidence two receipts of different dates for certain cotton, the agreed price of which was, by the terms of the receipts, "to go, as part payment, on the price of land he (the plaintiff) lives on," signed by the defendant Holly.

The defendants objected to the admission of these receipts as such evidence, assigning as ground for their objection, that they had not been proved and registered according to law.   The court overruled the objection, the receipts were received as evidence, and the defendants excepted.

Whatever may have been the state of the law in respect to the admission of such contract without registration before THE CODE went into effect, it is very clear, that all *contracts*

*for the conveyance of land* must be proved and registered before they can be used as evidence in actions like the present one. They are now put on the same footing with deeds for real estate, as evidence, and cannot be admitted as such, until proved and registered.

THE CODE, § 1264, requires that "all contracts to sell or convey any lands, tenements or hereditaments, or any interest in or concerning them, and all leases required to be put in writing, upon due proof or acknowledgment thereof in the manner in this chapter provided for the conveyances of lands, shall be registered in the proper county within two years from the date of such contracts or leases."

If this were the only statutory provision in respect to such contracts, perhaps they might be put in evidence without registration. Indeed, it has been said that like contracts might be. *Edwards* v. *Thompson*, 71 N. C., 177; *Mauney* v. *Crowell*, 84 N. C., 314. But THE CODE, § 1245, provides that "no conveyance of land, *nor contract to convey*, nor lease of land for more than three years, *shall be good and available in law*, unless the same shall be acknowledged by the grantor or proved on oath by one or more witnesses in the manner hereinafter directed, and registered in the county where the land shall lie within two years after the date of the said deed; and all deeds so executed and registered shall be valid, and pass estates in land without livery of seizin, attornment or other ceremony whatever."

It will be observed, that this section changes and enlarges section 1 of chapter 37, Revised Code, so as to embrace *contracts to convey* lands, as well as conveyances for the same. The first section above set forth requires all such contracts to be proved and registered; the second provides that they shall not "*be good and available in law*," until and unless they shall be so proved and registered, that is, like an unregistered deed, they shall not be received in evidence, or actively serve the purpose for which they are created; until

proved and registered. Registration does not give them life, but efficiency; it fits and renders them competent to be evidence of themselves, and to be enforced by the courts, if otherwise sufficient to serve the purpose contemplated by them.

The receipts put in evidence by the plaintiff were the only written evidence of the contract, for the conveyance of land, he seeks to enforce. He insists that they sufficiently specify a contract in writing to entitle him to the relief he prays for. If so, they make up the *contract*, however brief in terms, and however inartificially expressed, that the statute requires to be proved and registered in order to render it " good and available in law." The receipts must be proved and registered before the court can receive them as evidence and act upon them for the purposes of this action.

There is error, for which a new trial must be awarded. Let this opinion be certified to the superior court of Bertie county to the end, that that court may proceed in the action according to law. It is so ordered.

Error.                                        *Venire de novo.* '