A. J. HARRELL v. ELI GODWIN and N. G. HOLLAND.

*Conditional Sales—The Code*, § 1275.

Section 1275 of *The Code*, requiring conditional sales of personal property to be reduced to writing, and registered, operates prospectively, and does not apply to such sales made prior to November 1, 1883, when *The Code* became the law.

This was a CIVIL ACTION, tried at the March Term, 1887, of the Superior Court of WAYNE County, before *Shepherd, J.*

It was agreed by the parties to waive a trial by jury, and that the Court shall find the facts and decide the law.

The Court, on hearing the testimony, finds the facts as follows:

1. That on the third day of June, 1881, one J. Southard executed and delivered to the plaintiff an instrument in writing, of which the following is a copy:

"With 8 per cent. interest from January 1, 1881, I promise to pay A. J. Harrell seventy-five dollars, balance due on wool machine, title of machine to remain in said Harrell till this note is paid. This June 3, 1881.

"J. SOUTHARD [Seal]."

2. That a payment of forty-four dollars and thirty-seven cents was made and endorsed on said instrument, February 17, 1882.

3. That the balance of said note is unpaid.

4. That said instrument has not been registered.

5. That the value of said machine is seventy-five dollars.

6. That the plaintiff waives all damages for detention.

7. That the defendants have become possessed of and wrongfully detain from the plaintiff the said wool machine.

8. That on the first day of May, 1884, the said J. Southard executed to one F. J. Finch a mortgage on said wool machine,

to secure a debt therein named, which was duly registered, and which was transferred to the defendant, N. G. Holland, before the bringing of this action.

Upon the foregoing facts found, the Court adjudges that the plaintiff recover of the defendant the possession of said wool machine, and in case delivery thereof cannot be had, that he recover seventy-five dollars, the value thereof, and his costs, to be taxed by the Clerk of this Court, to be discharged upon the payment of the balance due on said note and costs.

No counsel for the plaintiff.
*Messrs. W. R. Allen* and *C. B. Aycock,* for the defendant.

AVERY, J. (after stating the case). The sale by Harrell to Southard was conditional, and made before *The Code* (§ 1275) was enacted, November 1, 1883. The effect of such a contract before that date was to leave the title in the plaintiff, though Southard was exercising all the rights of ownership over the machine. It, therefore, operated, so far as it affected the rights of others dealing with Southard, as a secret lien. The purpose of the General Assembly in changing the law was to protect others from loss by purchase of property subject to such incumbrance. The question upon which this case depends is, whether the section mentioned operated only prospectively or retrospectively also. We think that it purports to apply, and does refer exclusively to, future contracts wherein title should be retained as a security for purchase money. The section is as follows:

" All conditional sales of personal property, in which the title is retained by the bargainor, shall be reduced to writing and registered in the same manner, for the same fees, and with the same legal effect, as is provided for chattel mortgages." See also § 1254.

The language, "shall be reduced to writing and registered," was intended to operate only on sales to be made after November 1, 1883, when *The Code* became the law. Before that time conditional sales could be made verbally, but the contracts to be made in future were required to be *written and registered.*

The case of *White* v. *Holly*, 91 N. C., 67, cited by counsel to prove that the contract between Harrell and Southard could not operate as a lien, superior to that of a subsequent purchaser for value, or a mortgagee who registered his mortgage, throws no light upon the point in dispute in this case. In the case cited, the plaintiff offered a receipt for a part of the title money for a tract of land in evidence, in order to establish his right to specific performance.   It was, on objection, held to be incompetent as evidence without registration under the provisions of § 1264, *The Code*, which had taken effect in November before the Court was held in January, 1884. If it had been previously registered it would have been admitted, and if in terms sufficient it would have proven the contract and established the plaintiff's right to a specific performance, as asked.

No error.                                        Affirmed.