EATON PERRY v. C. A. YOUNG et al.

*Conditional Sale—Caveat Emptor.*

1. Before the Act of 1883, there was no law in this State requiring the registration of a Conditional Sale.

2. Where, under the law as it then stood, A sold a mule to B, and, in writing, retained title as security for the purchase-money unpaid, and then afterwards (but before the Act of 1883) allowed B to exchange his mule for a horse, under a verbal agreement that he should stand in the place of the mule: *Held*, (1) that both transactions were conditional sales, valid at that time without registration; (2) that subsequent innocent purchasers, for value, of the horse from B could not maintain title against A—the doctrine of *caveat emptor* applying.

CIVIL ACTION, tried at Fall Term, 1889, of NASH Superior Court, before *MacRae, J.*

Plaintiff appealed.

The case was heard upon exceptions to referee's report. In the complaint it is averred that plaintiff sold a mule to one Bullock, taking his note for the same, and reserving title until paid for; and, by consent of plaintiff, the mule was afterwards traded for a horse, upon the agreement that the title to same should be retained in like manner. No part of the note has been paid, and the defendant has seized the horse and converted him to his own use, and refused to pay the plaintiff. The horse is worth $150.

The defendant denies all the allegations of the complaint.

The case was referred to a referee, who found the following facts from the evidence adduced before him:

1. That plaintiff, on January 19, 1880, sold to one Allen Bullock, a certain mule, the title to said mule to remain in plaintiff till the payment of the purchase-money. A note under seal was given for the purchase-money, viz.: $120, due November 1, 1880, the retention of title being expressed in said note.

2. That no part of this note has been paid.

3. That said Allen Bullock, in August, 1882, by the consent of plaintiff, traded said mule with one Ben Dew for a certain blaze-faced horse, it being verbally agreed before and at the time of said trade between Allen Bullock and plaintiff that the said horse should stand in the place of the mule to secure payment of plaintiff's debt.

4. That said mule and said horse were left in possession of said Allen Bullock, and the horse was by him sold to defendants for a valuable consideration, and without notice of plaintiff's claim.

5. That defendants, after buying said horse from said Bullock, took possession of said horse, and appropriated him to their use, and refused to deliver same to plaintiff.

6. That said horse was worth $75 at the beginning of this action.

From these facts the referee finds the following conclusions of law:

1. That the agreement to substitute the horse for the mule to secure plaintiff's debt constituted a verbal mortgage of the horse, and the horse remaining in the possession of said Bullock, said mortgage is not good against defendants— innocent purchasers for value.

2. The plaintiff has no cause of action against defendants.

### PLAINTIFF'S EXCEPTIONS.

The plaintiff excepts to the referee's report, filed herein at this term, on the following grounds:

1. The referee erred in his first conclusion of law. He ought to have held that the transaction there mentioned did not constitute a mortgage. The title to the horse passed to plaintiff, for whom Bullock then held him as bailee.

2 The referee erred in his second conclusion of law.

### JUDGMENT.

This cause coming on to be heard upon the referee's report, and the plaintiff's exception to the same, it is ordered, adjudged and decreed that the two exceptions be each overruled (to which the plaintiff excepts); that said report be confirmed; that the defendants go without day, and that the plaintiff pay the costs of this action, to be taxed by the Clerk.

From the foregoing judgment the plaintiff appeals to the Supreme Court, assigning as error (1) the overruling of his first exception, and (2) the overruling of his second exception.

*Mr. Jacob Battle,* for plaintiff.
*Mr. A. W. Haywood,* for defendants.

105—30

SHEPHERD, J.: It was expressly agreed between the plaintiff and Bullock that the title to the mule should remain in the plaintiff until the payment of the purchase-money. Beyond all question, this constituted a conditional sale. *Frick* v. *Hilliard*, 95 N. C., 117, and the cases cited. Such a transaction stands upon the same basis as a bailment, and, apart from the Act of 1883 (*The Code*, § 1275), is valid, not only between the parties, but as against all the world, without registration. Possession is only presumptive evidence of ownership, and the principle *caveat emptor* applies to all who may deal with those in possession. A bailee may sell the property entrusted to him, but the purchaser thereby acquires no title against the true owner. *Clayton* v. *Hester*, 80 N. C., 279; *Butts* v· *Screws*, 95 N. C., 218; *Frick* v. *Hilliard, supra*.

Did the exchange of the mule for the horse vest the title to the latter in Bullock? We are unable to see how it could have that effect. The mule was in the possession of Bullock, as the plaintiff's bailee, and the trade was effected by the consent of the plaintiff, with the express understanding that the horse should stand *in the place* of the mule. This could have no other effect than to vest the title to the horse in the plaintiff, and the fact that the horse was to stand in the place of the mule, *to secure the payment of plaintiff's debt*, is perfectly consistent with a conditional sale, as in such cases the title is retained for that very purpose.

These transactions having occurred prior to the Act of 1883, requiring the registration of such conditional sales, the said act is not applicable. Its operation is prospective only. *Harrell* v. *Godwin*, 102 N. C., 330.

It must follow, therefore, that as Bullock was holding the horse under a conditional sale, and has paid no part of the purchase-money, the plaintiff is the owner and entitled to recover.

                                                        Error.