MARY L. HARGROVE et al v. JOHN W. ADCOCK.

*Pleading—Evidence— Contract to Convey Land—Frauds, Statute of—Registration— Vendor and Vendee.*

1. Plaintiff having set out in the complaint the contract sued upon, the defendant, in answer thereto, stated that he did sign a paper similar to that stated in the complaint, but there was no consideration : *Held*, that this was not sufficient to raise an issue as to the execution of the instrument, but, in effect, was an admission of that fact and dispensed with further proof.

2. Contracts to convey land, as between the parties thereto, may be read in evidence without being registered.   Chapter 147, Laws 1885.

3. It is a sufficient compliance with the statute of frauds if the contract to convey lands be signed by one who is proved or admitted to have been authorized to execute it by the party to be charged therewith, although the agent signs his own name instead of that of his principal; and the authority of the agent may be shown *aliunde* and by parol.

4. The vendor in a contract to sell land will be bound by it if he has duly executed it, although the vendee has not signed it ; and the contract of the vendee may be established by his obligation to pay, though it contains no reference to the contract of sale.

This was a CIVIL ACTION, tried before *Whitaker, J.*, at April Term, 1892, of GRANVILLE Superior Court.

Plaintiff sued on the written contract set out in the opinion. Defendant alleges that said contract was not binding on him, as it had not been registered.

R. W. Lassiter, one of the plaintiffs, then testified that he sold the land to defendant; that he had a bond to make title to one-half undivided interest from R. W. Winston and wife.

A paper-writing was then shown witness, purporting to be the contract with defendant, and plaintiff proposed to prove its execution by witness. Defendant objected. Objection sustained, his Honor holding that it was unnecessary to introduce the writing, as it was admitted in the answer.

Witness then testified that he tendered a deed to the defendant for the land on December 31, 1891, signed by Mrs. Hargrove and R. W. Winston and wife. Defendant declined to accept the deed unless witness would pay him $300, claiming that the land had been damaged to that extent. Witness declined to pay $300, but offered to put the land in the same condition as when the contract was made, but defendant still refused to accept the deed and pay for the land.

At the time of issuing summons, witness also placed a deed to the land in the hands of James A. Crews, Sheriff, with instructions to tender the same to defendant before serving the summons. This last deed was signed by plaintiff and Mrs. Hargrove, Judge Winston and wife having executed to plaintiff a deed for his one undivided interest in said land. Defendant declined to accept this deed.

J. A. Crews, a witness for plaintiff, then testified: "I am Sheriff of Granville County, and served the summons on defendant. At the time he handed me the summons plaintiff Lassiter handed me a deed to tender to defendant, which I did after I served the summons, and defendant declined to

accept it and pay the purchase-price for the land, saying plaintiffs had not complied with their contract."

Plaintiffs rested their case, and defendant, J. W. Adcock, testified in his own behalf that the only deed ever tendered to him was that by James A. Crews, Sheriff, since making the agreement to purchase referred to in the pleadings. One cabin on the land was torn down and burned, and another, uncompleted, had been removed, and one hundred and fifty panels of fence had been destroyed. The cabins were worth $250 and the rails $30. Lassiter offered to give $25 damages, and he (Adcock) told him he would accept $300. This was January 2, 1892.

ISSUES.

1. Did defendant contract to buy the land, as alleged in the complaint?

Answer—Yes.

2. Did plaintiff tender to defendant a good and sufficient deed for the land?

Answer—Yes.

3. Has defendant complied with said contract?

Answer—No.

4. What damage, if any, have plaintiffs sustained?

Answer—Twenty-three hundred and fifty dollars, with six per cent. interest thereon from the first day of January, 1892, until paid.

5. What damage, if any, has defendant sustained?

Answer—$50.

Defendant appealed.

*Mr. J. W. Graham*, for plaintiffs.
*Mr. J. T. Strayhorn*, for defendant.

AVERY, J.: The plaintiffs set forth as the basis of their action the following contract, viz.: " I this day agree to buy the Houghtaling place from R. W. Lassiter, agent of Mrs.

Mary L. Hargrove, for twenty-three hundred and fifty dollars (contract agreed upon), and I am to have possession the 1st day of January, 1892, and I obligate myself to carry out the contract on my part, and R. W. Lassiter also does upon the part of Hargrove, this 14th of November, 1891." (Signed by J. W. Adcock and R. W. Lassiter.)

The plaintiffs allege that defendant executed it, and in his answer the latter says "that he did sign a paper-writing similar to that stated in the complaint, and that there was no consideration, implied or expressed, therein binding upon defendant." The defendant now contends that, by this evasive answer, he has put in issue the fact of the execution of the paper by him. We think not. Plaintiffs would derive little benefit from the privilege of filing sworn complaints if an issue of fact could be raised by an equivocal answer, or anything short of a direct denial. The defendant simply avers in effect that he did not execute a paper in the form of that set forth, but that he did sign one similar to it. Having admitted that he executed it by the failure to deny the allegations, it remains to determine how such admission affects the competency of the original paper as evidence of the contract where it has never been proven or registered. There is no direct denial that the paper which defendant admits was executed by him was in the identical language set forth, but the defence seems to have rested, so far as appears from the answer, upon the want of consideration, expressed or implied.

If the contract was admissible in evidence, the consideration, if there was one, might have been shown for the purpose of enforcing the agreement by extrinsic proof, though no consideration was mentioned, and there was nothing in its terms from which it could be inferred that a consideration had passed. *Mizell* v. *Burnett*, 4 Jones, 249; *Linker* v. *Long*, 64 N. C., 296; *Tunstall* v. *Cobb*, 109 N. C., 327; *Beattie* v. *Railroad*, 108 N. C., 429; *Neaves* v. *Mining Co.*, 90 N. C., 412.

The provision of the statute (*The Code*, § 1245) which was construed in *White* v. *Holley*, 91 N. C., 67, was that no conveyance of land nor contract to convey, &c., shall be good and available in law, unless the same shall be acknowledged by the grantor, or proved, &c., and registered. At the next session of the General Assembly the law was so amended as to provide that "no conveyance of land or contract to convey, &c., shall be valid to pass any property, *as against creditors or purchasers for a valuable consideration* from the the donor, bargainor or lessor, but from the registration thereof in the county where the land lies." The manifest purpose of the Legislature in amending the statute was to protect purchasers for value and creditors, and leave the parties to contracts for the sale of lands *inter se* to litigate their rights under the rules of evidence in force before the enactment of section 1245. Section 1264 would not have affected the admissibility of such an instrument as that under consideration, and only "conveyances for land" were within the requirements of section 1, chapter 37, Rev. Code. *White* v. *Holley, supra; Edwards* v. *Thompson*, 71 N. C., 177; *Mauney* v. *Crowell*, 84 N. C., 314. The terms of the act of 1885 evinced as clearly a legislative intent to dispense with the requirement that contracts for the sale of land should be registered as a prerequisite to their being read in evidence, as did the amendment of the older statute (Rev. Code, chapter 37, § 1), by inserting "nor contract to convey," &c., manifest a purpose to make registration necessary to their enforcement in the courts, even as between the parties.

There being no defect apparent upon the face of the agreement that would invalidate it, and no denial of the allegation that it was executed by the parties whose names are signed to it, it was manifestly unnecessary to offer to prove its execution, even by the common law method. *Avent* v. *Arrington*, 105 N. C., 377.

It was in evidence as an admission in the answer that the contract *in ipsissimis verbis* was executed by Adcock, and by R. W. Lassiter as agent of Mrs. Hargrove. The requirement of the statute of frauds is that the contract, or some memorandum or note thereof, should be signed by "the party to be charged therewith, or by some other person by him thereto lawfully authorized." *The Code,* § 1554. If there be a written memorial of so much of the contract as is binding on the party to be charged therewith, so expressed that its terms can be understood, and it be signed by one who is proved or admitted by the principal to have been authorized as agent to act for him, it is a sufficient compliance with the statute if the agent sign his own name instead of that of his principal by him. *Washburn* v. *Washburn,* 4 Iredell Eq., 306; *Phillips* v. *Hooker,* Phil. Eq., 193; *Oliver* v. *Dix,* 1 Dev. & Bat. Equity, 158. The authority of the agent, like the consideration, may be shown *aliunde* and by parol, while the contract of the purchaser to pay may be embodied in a note which contains no reference whatever to the contract of sale, and the agreement to sell is none the less binding on the party to be charged, when there is a failure on the part of the purchaser to bind himself by any writing to perform the stipulations on his part. *Neaves* v. *Mining Co., supra; Mizell* v. *Burnett, supra.*

In the exercise of a regulated judicial discretion, the Court unquestionably could adjudge, upon the coming in of the verdict, that the plaintiff recover the sum of $2,300, which was the contract price, less $50, the amount found as damage for waste in the destruction of buildings after the contract was entered into, and before the time appointed for the defendant to take possession, and that, unless the defendant should perform his contract by the payment of said sum before a day certain, the land should be sold by commissioners, &c.

For the reasons given, we are of opinion that there is

No Error.