J. F. McCALL v. TEXTILE INDUSTRIAL INSTITUTE and J. R. HOOVER.

(Filed 21 May, 1924.)

**1. Principal and Agent—Deeds and Conveyances—Contracts.**

Where there is evidence that one representing himself to be the agent of the owner of land called on the proposed purchaser in pursuance of a telephone conversation he had had with the principal, and entered into a written contract to convey the lands in behalf of his principal, upon certain conditions, it is with the other evidence in this case: *Held,* sufficient to be submitted to the jury upon the question of agency and to bind the owner under the provisions of the statute of frauds.

**2. Same—Signature—Evidence Aliunde—Questions for Jury—Statute of Frauds.**

> Where there is evidence that the one acting as the agent of the owner of lands signed his own name to the written contract of sale, in a space left for the witnesses, it is competent to show *aliunde* as an issue for the jury that he had signed in behalf of his principal, and that the latter was thereby bound under the statute of frauds; and *semble*, it could also be so shown as to an undisclosed principal.

Appeal by plaintiff from *Ray, J.,* at December Term, 1923, of Transylvania.

This was an action against the Textile Industrial Institute and J. R. Hoover to enforce the specific performance of a contract to convey certain lands in Transylvania County upon an alleged written memorandum of contract, 26 February, 1923, which the defendants had later undertaken to convey at the same purchase price to another company.

The plaintiff offered in evidence a paper-writing as follows:

### Agreement to Sell and Buy.

In consideration of the sum of five hundred dollars this day received from J. F. McCall and R. R. Fisher, of Transylvania County, purchasers of the following described property, all those seven tracts of land in Transylvania County, N. C., now owned by Textile Industrial Institute and J. R. Hoover, containing 1,018 acres, more or less, the purchase price being $10,000, seller to pay commissions. And upon payment of the further sum of $3,000 within thirty days from this date, and the execution of note and mortgage for $6,500 on the above-described property, payable as follows, $3,250 in six months from date and $3,250 in twelve months from date, bearing interest from date at the rate of 6 per cent per annum, sellers covenant and agree and bind themselves and their heirs, executors, administrators, successors, and assigns to convey the above-described property to the said J. F. McCall and R. R. Fisher, their heirs, executors, administrators or assigns, in fee by quit-claim deed, with dower duly renounced, free from encumbrances except such as are herein agreed to be assumed. And upon tender of such deed the purchaser agrees to fully comply with the terms of this contract of sale. All taxes for 1923 to be paid by purchasers; interest, rents and insurance to be prorated to date of the consummation of sale.

Upon failure of the purchaser to comply with the terms hereof within the stipulated time, the seller to have the right to retain the amount this day paid, or to enforce the performance of this contract according to law.

In witness whereof, we have hereunto set our hands and affixed our seals, this 26 February, 1923.

...............................................(L. S.)<br>
<em>Seller.</em>

........... ... .........................(L. S.)<br>
<em>Seller.</em>

J. F. McCall.          (L. S.)<br>
<em>Purchaser.</em>

R. R. Fisher.          (L. S.)

Signed, sealed and delivered in the presence of:
J. W. Alexander.
Mary Samoine.

North Carolina—Transylvania County.

The due execution of the within contract was this day acknowledged before me by J. F. McCall, one of the makers thereof, for the purpose therein expressed. Therefore let the contract and this certificate be registered.

Witness my hand and seal, this 29 March, 1923.

N. A. Miller, C. S. C.

Filed for registration 29 March, 1923, at 4 o'clock p. m., and recorded 30 March, 1923, in Book No. 47, at page 152.

Roland Owen,<br>
<em>Register of Deeds, Transylvania County.</em>

The witness McCall testified: "This is a check I gave in Spartanburg, 26 February, 1923, to J. W. Alexander, agent of the Textile Industrial Institute, for five hundred dollars. It is endorsed 'J. W. Alexander, Agent of the Textile Industrial Institute.' It has been paid. It came back to me in regular course through the bank."

The check is as follows:

Pisgah Bank.

Brevard, N. C., 26 February, 1923.

Pay to the order of J. W. Alexander, agent for the Textile Industrial Institute, five hundred and no-100 dollars.

To Pisgah Bank, Brevard, N. C.

For land—1,018 acres.                     J. F. McCall.

Endorsement: J. W. Alexander, Agent for Textile Industrial Institute.

Paid 3 March, 1923. Paying teller: Pisgah Bank, Brevard, N. C.

At the close of the evidence the court directed a nonsuit, and plaintiff appealed.

*D. L. English and C. B. Deaver for plaintiff.*
*W. L. Breese for defendants.*

Clark, C. J. There was evidence sufficient to be submitted to the jury offered to show that J. W. Alexander was the agent of the defendants.

The nonsuit was evidently entered by the court on the ground that there was not a sufficient signing under the statute of frauds. It was in evidence that the plaintiff, McCall, got in touch over the phone with Dr. Camak, president of the Textile Industrial Institute, and through him met the real estate agent, J. W. Alexander, who stated that he was acting as agent for defendants in the sale of the property. The plaintiff showed declarations and letters of the president of the Textile Industrial Institute sufficient to submit to the jury to show that Alexander was acting as agent for the defendants.

The alleged contract was duly acknowledged by J. F. McCall and probated by him. The plaintiff also exhibited a check for $500 dated 26 February, 1923, the same day as the deed given by McCall to "J. W. Alexander, agent for the defendant, Textile Industrial Institute," which was duly cashed, and also plaintiff tendered to the defendants, through J. W. Alexander, as the second payment $3,000 called for in the deed, which the defendant refused to accept.

The defendants in their answer admitted that the property in question had been placed with J. W. Alexander, a general real estate agent, for sale, and the question depends upon whether the signature at the bottom of the contract entered in the manner it was, was intended to be a signature by Alexander, and as the agent of the defendant. It is true the paper is signed at the end, but below the dotted line on which witnesses were to sign. The plaintiff contends that though the instrument was signed at the bottom in this manner that Alexander intended to sign it as a witness. Indeed the recitals in the deed tend to show that it was a contract or an agreement to sell and buy.

The acceptance by Alexander of the check to him as agent for the Textile Industrial Institute of $500, together with the evidence that he was acting as agent in the negotiation for the Textile Industrial Institute, makes it a question of fact whether the signature of J. W. Alexander was placed on the contract as such agent. The plaintiff contends that there was no possible reason why he should have signed it as a witness, especially in view of the evidence amply sufficient to go to the jury of his agency from the defendant, the Industrial Institute, for the sale of the property.

In 25 R. C. L., 686 (sec. 324), it is said, with full citation of authorities: "If an agent is duly authorized to make the contract in behalf of his principal, the memorandum, though signed by the agent in his own name, may be sufficient to satisfy the statute as the statute does not require that the signature be in the name of the principal, and the signature of the agent in such case is deemed the signature of the principal. The statute does not exclude parol evidence that a written contract for the sale of goods or land purporting to be between the seller and buyer was in fact made by the buyer only as agent for another for the purpose of charging the principal."

To the same purport is *Neaves v. Mining Co.,* 90 N. C., 412, that a draft signed by an agent is a sufficient memorandum of contract to fill the condition of the statute of frauds and bind the principal, though the name of the latter does not appear in the instrument. The authority of the agent may be shown *aliunde,* and such authority need not be in writing. In this case the check was made payable to the order of "J. W. Alexander, agent for the Textile Industrial Institute; five hundred and no-100 dollars," and recites that it was for "land—1,918 acres." And it was in evidence that the said check was cashed by Alexander; and, as already stated, there was evidence sufficient to go to the jury to show that he was acting in the transaction as the agent of the defendant, the Textile Industrial Institute, and that the second payment of $3,000 was tendered in due time according to the terms of the paper-writing, and that the balance of the specified sum was also duly tendered.

The above case of *Neaves v. Mining Co.* cites numerous authorities to the same effect, and it has been often cited since, and has been reprinted with annotations in 47 Am. Dec., 529.

Also in 25 R. C. L., 657 (sec. 291), it is said, with many citations: "The statute (of frauds) does not change the law as to the rights and liabilities of principals and agents, either as between themselves or as to third persons. Its provisions are complied with if the names of competent contracting parties appear in the writing, and if a party is an agent it is not necessary that the name of the principal be disclosed. Accordingly if a contract, within the provision of this statute, is made by an agent, whether the agency is disclosed or not, the principal may sue or be sued as in other cases."

*Neaves v. Mining Co.* has been cited and approved to the same effect in *Hargrove v. Adcock,* 111 N. C., 171, that it is "a sufficient compliance with the statute if the agent signs his own name instead of that of his principal by him"; and in *Hall v. Misenheimer,* 137 N. C., 186, and more recently in *Burriss v. Starr,* 165 N. C., 657.

There was ample evidence to be submitted to the jury that J. W. Alexander was the agent of the defendant, the Textile Industrial Institute, to sell this land, and if he was such agent, the manner in which it was signed was sufficient without reciting in the signature that he was agent.

The only question that can arise, if the jury shall find that he was the agent of the defendants, is upon the location of the signature, the defendant contending that it shows that Alexander signed only as a witness. The plaintiff contends that there is nothing that so indicates and no fact nor reason that he should have signed other than as agent.

This was a question of fact upon all the evidence, whether the affixing of the signature in that place and manner was done by Alexander as agent or not. This was a fact which calls for ascertainment by a jury, and in nonsuiting the plaintiff there was

Error.

NOTE.—This opinion was written in accordance with the Court's decision and filed, by order of the Court, after *Chief Justice Clark's* death.